IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES RIVERA, as parent and next
friend of A.R., a minor,

    Plaintiff,

v.                                                          Civ. No. 13-00397 KG/KBM

VOLVO CARS OF NORTH AMERICA, LLC,
a Delaware Corporation; ROE CORPORATIONS
I-X, inclusive; and JOHN DOES I-X, inclusive,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Leave to File Amended Pleading (Motion for Leave to Amend). (Doc. 56). Jurisdiction arises under 28 U.S.C. § 1332. Having reviewed the submissions of the parties and the relevant law, Plaintiff's Motion for Leave to Amend is GRANTED.

    *I.    Background*

This action arises out of a personal injury claim, in which Plaintiff alleges A.R., his minor child, was injured when she became entrapped in an automobile power window designed and manufactured by Defendant Volvo. (Doc. 1-1) at 47. Plaintiff asserts a claim for strict product liability and negligence. *Id.* at 48. Plaintiff is seeking compensatory as well as punitive damages. *Id.* at 49.

On October 26, 2012, Plaintiff filed his Petition in the First Judicial District Court of Santa Fe, New Mexico. (Doc. 1-1) at 1. On March 29, 2013, Plaintiff filed a First Amended Complaint. *Id.* at 47. On April 29, 2013, Defendant Volvo removed to this Court. (Doc. 1). The Court subsequently entered an Order Adopting Joint Status Report and Provision Discovery

Plan (Joint Status Report) in which Plaintiff was given a July 9, 2013, deadline for amending pleadings.  *See* (Docs. 8 and 16).

On February 13, 2014, Plaintiff filed the instant motion, seeking leave to file a Second Amended Complaint.  Defendant Volvo Cars of North America, LLC (Defendant Volvo) responded on February 28, 2014, and Plaintiff replied on March 14, 2014.  (Docs. 61 and 65).

II.  Discussion

Plaintiff seeks leave to amend his First Amended Complaint for the second time under Fed. R. Civ. P. 15(a)(2).  Plaintiff specifically moves to add Jackie Morris, a parent of A.R., a minor, as a named Plaintiff and to add a loss of consortium claim and a failure to warn claim against Defendant Volvo.[1]  Plaintiff argues that the failure to warn claim was undiscoverable until the parties conducted a joint inspection of the subject vehicle in January 2014.  At that inspection, Plaintiff claims that "it was discovered that the switch [] in question . . . would raise the window if it were pushed down on by the knee of a small child."  (Doc. 65) at 2.  The owner's manual, on the other hand, demonstrated that the window would rise by pulling up on the switch.  *Id.*  Based on this information, Plaintiff claims that he has unearthed new evidence that Defendant Volvo was aware that the switch could be inadvertently actuated to raise the window, and, despite that knowledge, Defendant Volvo failed to warn Plaintiff of the danger pursuant to Defendant Volvo's post-sale duty to warn.  *Id.* at 3 (citing *Couch v. Astec Indus., Inc.*, 2002-NMCA-084 ¶¶ 44-52, 53 P.3d 398, 408-10).

Defendant Volvo opposes this motion, arguing that Plaintiff was untimely in seeking the

---

[1] The Court notes that, in Plaintiff's Reply to Defendant Volvo Cars of North America, LLC's Response to Plaintiff's Motion for Leave to File Amended Pleading (Doc. 65), Plaintiff states he "is willing to withdraw the motion as to the addition of the new Plaintiff."  (Doc. 65) at 1.  The Court construes Plaintiff's statement as a motion to withdraw Plaintiff's Motion for Leave to Amend (Doc. 56), as to the addition of Jackie Morris as a named Plaintiff and the loss of consortium claim under D.N.M.LR-Civ. 7.7.  The Court, therefore, finds the motion to withdraw is well-taken and is GRANTED.

2

amendment, that it would be prejudiced by the amendment, and that the amendment would be futile.

                *1. Rule 16(b)(4): Timeliness of the Motion for Leave to Amend[2]*

The Joint Status Report deadline for Plaintiff to amend his pleading was on July 9, 2013. That deadline, which was about seven months prior to Plaintiff filing his Motion for Leave to Amend on February 13, 2014, implicates Fed. R. Civ. P. 16(b)(4).  Rule 16(b)(4) states that a court's joint status report "may only be modified for good cause and with the judge's consent."[3] *See also* D.N.M.LR-Civ. 16.1 ("Modification of deadlines in the Court's scheduling orders and trial notices, whether or not opposed, requires a showing of good cause and Court approval.").

The Tenth Circuit Court of Appeals has declined to "decide whether a party seeking to amend its pleadings after the [joint status report] deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  The Courts in this district, however, have held that a plaintiff must first succeed in modifying the joint status report deadline under Rule 16(b)(4) before the Court will apply Rule 15(a)(2) to determine whether to grant the motion to amend.  *ACC Consultants, Inc. v. Logistics Health, Inc.*, 2011 WL 5212262, at *4 (D.N.M.) (citing *Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002)); *see also Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 2296955, at *3 (D.N.M.).

The good cause requirement in Rule 16(b)(4) "does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party

---

[2]  Neither party has argued that Rule 16(b)(4) is relevant to the instant motion.

[3]  Rule 16 specifically states "scheduling order."  The Scheduling Order (Doc. 15), does not specify Plaintiff's pleading amendment deadline.  Instead, the Scheduling Order incorporates the pleading amendment deadline stated within the Joint Status Report.  The Court, thus, will refer to the Joint Status Report, instead of the Scheduling Order, in its analysis.

seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo*, 2007 WL 2296955, at *3 (D.N.M.) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.), *aff'd on other grounds*, 129 F.3d 116 (4th Cir. 1997)); *accord ACC Consultants, Inc.*, 2011 WL 5212262, at *4.  Diligence means that the moving party could not meet the amendment deadline despite that "party's diligent efforts." *Skyline Potato Co., Inc. v. Tan-O-On Mktg., Inc.*, 879 F. Supp. 2d 1228, 1244 (D.N.M. 2012) (quoting *Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1313 (D.N.M. 2010)); *Trujillo*, 2007 WL 2296955, at *3 (quoting *Dilmar Oil*, 986 F. Supp. at 980).  Moreover, to prevail under Rule 16(b)(4), the moving party "must provide an adequate explanation for the delay." *Minter*, 451 F.3d at 1205 n.4.  If Plaintiff succeeds in showing good cause and adequately explains the seven month delay for requesting leave to amend, then the Court will apply Rule 15(a)(2) to determine if it would be appropriate to grant Plaintiff's Motion for Leave to Amend.

In this case, Plaintiff has sufficiently demonstrated that he engaged in "diligent efforts" to timely file the Motion for Leave to Amend, and has adequately explained why he could not meet the July 9, 2013, pleading amendment deadline.  According to Plaintiff's reply brief, due to scheduling conflicts the parties could not and did not conduct a joint investigation of the subject vehicle until January 2014.  At that inspection, Plaintiff discovered that the subject switch—by either lifting up or pushing down—actuated to raise the window.  Subsequently, Plaintiff investigated this issue and discovered new evidence to believe Defendant Volvo was aware of this issue at the time the subject vehicle was manufactured but failed to warn Plaintiff pre- or post-sale.  Shortly thereafter, Plaintiff filed his Motion for Leave to Amend on February 13, 2014.  Based on the aforementioned, Plaintiff did not know and could not have known that there was a factual basis to raise a claim of failure to warn prior to the pleading amendment deadline.

Consequently, the Court determines that Plaintiff has shown good cause to extend the Joint Status Report deadline for filing the Motion for Leave to Amend. Further, the Court determines that Plaintiff has shown that he filed the Motion for Leave to Amend without undue delay.

    2. *Rule 15(a)(2): the Motion for Leave to Amend*

Under Rule 15(a), "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Moreover, Rule 15(a) makes explicit that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowec-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). In *Foman v. Davis,* 371 U.S. 178, 182 (1962), the Supreme Court analyzed Rule 15(a), stating:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Id.* at 182 (quoting Fed. R. Civ. P. 15(a)).

    i. *Timeliness*

Should the moving party fulfill the Rule 16(b)(4) good cause requirement, the Court can, nonetheless, deny the motion to amend if the moving party unduly delayed the filing of the motion to amend. *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Although Rule 16(b)(4) is a more demanding standard than Rule 15(a)(2), the Tenth Circuit has found a "'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009). In this circuit, "untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365-66 (citations

5

omitted). Undue delay or untimeliness is evident when the moving party "'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint. . . .'" *Id.* at 1366 (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

As the Court noted earlier in its decision, the evidence supporting Plaintiff's failure to warn claim was not discoverable until January 2014. Shortly after discovering the new information, Plaintiff filed his Motion for Leave to Amend. This sequence of events is a natural result of the litigation process; new claims and/or defenses may arise when new information and evidence comes to light. The Court, therefore, finds that Plaintiff did not and could not have known this new information until the parties inspected the subject vehicle and switch in January 2014. Accordingly, the Court finds that Plaintiff's delay in filing his Motion for Leave to Amend was not undue.

## ii. Prejudice

Next, the Court considers the most important question in deciding a motion to amend the pleadings: whether the amendment would prejudice the nonmoving party. *Minter*, 451 F.3d at 1207-08. "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham,* 364 U.S. 310, 316 (1960); *see also Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . . provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." (internal quotation marks omitted)).

Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues. *Compare Hom v. Squire*,

81 F.3d 969, 973 (10th Cir. 1996) (finding prejudice in a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial"), *with Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when "Petitioner's [amended] claims track the factual situations set forth in his [original] claims").

Defendant Volvo asserts that it would be prejudiced if the amendment is allowed. More precisely, Defendant Volvo argues that it would need additional discovery—re-deposing fourteen fact witnesses—to respond to the failure to warn claim, which will be extremely costly.

The Court agrees that if it grants the Motion for Leave to Amend, limited discovery would probably be needed. Nonetheless, the Court finds that reopening limited discovery will not significantly impact Defendant Volvo's position. The proposed amendment does not change the nature of the case, negligence and strict liability claims, nor does it present any new factual issues. Indeed, Defendant Volvo admits as much in its response when it argues that Plaintiff's proposed Second Amended Complaint tracks "the same facts that first appeared in the original complaint." (Doc. 61) at 3. Further, the Court does not believe that the amendment will unfairly affect Defendant Volvo. During Plaintiff's deposition, Defendant Volvo asked Plaintiff about warnings and whether or not Plaintiff had knowledge of the warnings within the owner's manual. At that time, Defendant Volvo knew the warnings might have been at issue. Moreover, the Court agrees with Plaintiff that the Court could shift costs to alleviate any burden placed on Defendant Volvo for the re-deposition of fourteen witnesses *if* those witnesses have relevant information to Plaintiff's failure to warn claim. Accordingly, the Court determines that Defendant Volvo has not met its burden to show that it will suffer undue prejudice if Plaintiff is permitted to amend his complaint to add a failure to warn claim.

### iii. *Futility*

Last, Defendant Volvo argues that allowing leave to amend would be futile because (1) Plaintiff's amendment is in bad faith, and (2) Plaintiff failed to reasonably exercise ordinary care in

light of the owner's manual warning to not leave children unattended in the vehicle.

Indeed, the Court may deny leave to amend where amendment is in bad faith or the amendment would be futile. *See Foman*, 371 U.S. at 182 (citing Fed. R. Civ. P. 15(a)). Bad faith "can be inferred if the proposed amendment directly contradicts allegations made in the original pleading, such that the original and amended factual accounts cannot be reconciled." *Colorado Civil Rights Comm'n v. 1950 Logan Condominiums Condo. Ass'n*, 2013 WL 6858703, at *1 (D. Colo. 2013) (citing *Ayon v. Gourley*, 1999 WL 516088, at *3 (10th Cir. 1999). "Bad faith may also be inferred if a party seeks leave to amend for an improper purpose." *Id.* A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a dispositive motion. *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001); *Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

In this case, Defendant has not shown bad faith on the part of Plaintiff. As discussed earlier, Plaintiff filed his Motion for Leave to Amend shortly after discovering new evidence in January 2014. Plaintiff then conducted an investigation pertaining to his failure to warn claim, and, consequently based on his inspection of the subject switch and investigation filled his Motion for Leave to Amend. In light of Plaintiff's new evidence, the Court perceives no bad faith on the part of Plaintiff in seeking to add an additional claim.

Next, Defendant Volvo does not state whether Plaintiff's proposed amendment is futile under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56. Instead, Defendant Volvo asserts that because "[i]t is plain from common sense" that Plaintiff failed to exercise ordinary care, Plaintiff's failure to warn claim is futile. (Doc. 61) at 6. A failure to warn claim, however, is not dependent on a plaintiff's exercise of ordinary care. Instead, the duty of care falls upon the seller or supplier of the subject product. *See Couch*, 2002-NMCA-084 ¶ 44, 53 P.3d at 408 ("[A] supplier who, after the sale of the product, knows or should know of any risks associated with

the product, 'must then use ordinary care to avoid risk.'") (citing UJI 13-1402 failure to warn). Thus, it is for the jury to determine what warning steps Defendant Volvo should have taken in the exercise of ordinary care under a failure to warn claim. At trial, nevertheless, Defendant Volvo may assert that Plaintiff failed to exercise ordinary care in defense of Plaintiff's claim. Therefore, because the Court has no basis to believe that the proposed Second Amended Complaint would be subject to dismissal, the proposed amendment is not futile.

    IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Leave to File Amended Pleading (Doc. 56), is GRANTED, and Plaintiff may file a second amended complaint no later than February 13, 2015, to add a failure to warn claim against Defendant Volvo.

_____
UNITED STATES DISTRICT JUDGE