IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES RIVERA, as parent and next
friend of A.R., a minor,

      Plaintiff,

v.                                                      Civ. No. 13-00397 KG/KBM

VOLVO CARS OF NORTH AMERICA, LLC,
a Delaware Corporation; ROE CORPORATIONS
I-X, inclusive; and JOHN DOES I-X, inclusive,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Defendant Volvo Cars of North America,

LLC's (Defendant) Motion to Exclude Opinions and Bases of Plaintiff's Experts' that were not

Disclosed in their Expert Reports (Motion to Exclude) (Doc. 184), filed February 6, 2015.

Plaintiff filed a response on February 27, 2015.  (Doc. 205).  Defendant filed a reply on March

23, 2015.  (Doc. 223).  On April 29, 2015, the Court held a motions hearing.  James Ragan,

counsel for Plaintiff, and Todd Rinner, counsel for Defendant, were present at the hearing.  At

the hearing the Court deferred ruling on Defendant's Motion to Exclude as to Michelle Hoffman

(Hoffman) until the Court reviewed the parties' *Daubert* briefs (Docs. 244, 261, and 283).

Having reviewed Defendant's Motion to Exclude, relevant briefs, including the parties' *Daubert*

briefs, and the relevant law, Defendant's Motion to Exclude is denied, in part, with respect to

Hoffman's uncited and undisclosed literature sources.

   *I.*   *Background*

Plaintiff intends to introduce the testimony of Hoffman as a biomechanical engineering

expert on causation.  (Doc. 261) at 8.  Plaintiff timely disclosed Hoffman and her expert report as

required under Rule 26.  *See* (Doc. 78); (Doc. 82) (expert disclosure deadline May 21, 2014).  In

her expert report, Hoffman cites only one literature source.  (Doc. 244-2) at 14 n.1.  At her

November 4, 2014, deposition, however, Hoffman provided Defense counsel a binder of twenty-

seven additional literature sources regarding power windows and accidental child asphyxia that

Hoffman reviewed for this case.  (Doc. 244-3) at 2 (Hoffman depo. at 14-17).  Hoffman testified

that although the twenty-seven articles supported her "general opinions in the case," her expert

report did not cite the sources because they were "background information."  *Id.* (Hoffman depo.

at 16-17).

On February 6, 2015, Defendant moved to exclude the twenty-seven sources and

Hoffman's opinions made in reliance on the sources pursuant to Fed. R. Civ. 37.  *See* (Doc. 184)

at 21.

II.    *Discussion*

Expert reports are required under Rule 26(a)(2)(B).  An expert report must contain "a

complete statement of all opinions" the expert "will express and the basis and reasons for them,"

including the facts and/or data the expert considered in forming his/her opinion(s).  Fed. R. Civ.

P. 26(a)(2)(B)(i)-(ii).  The purpose of Rule 26(a) is "to identify the expert witness," "set forth the

substance of the direct examination," and allow an opposing party "a reasonable opportunity to

prepare for effective cross examination . . . ."  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953

(10th Cir. 2002) (internal citation omitted).

A party must supplement or correct an expert's report "in a timely manner if the party

learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the

additional or corrective information has not otherwise been made known to the" opposing party.

Fed. R. Civ. P. 26(e)(1)(A).  The duty to supplement extends to information included in the

expert's "report and to information given during the expert's deposition."  Fed. R. Civ. P. 26(e)(2).  When a supplemental report is required, the report may not state additional opinions, rationales, or seek to "strengthen or deepen opinions expressed in the original expert report . . . ."  *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006) (internal citation omitted).  Any supplemental information must be disclosed "at least 30 days before trial" unless the Court orders otherwise.  *See* Fed. R. Civ. P. 26(a)(3) and 26(e)(2).

The penalty for failure to comply with either Rule 26(a) or 26(e) is severe.  Under Rule 37(c)(1), the incompliant party is not allowed to use the particular information or witness to supply evidence at trial "unless the failure [to disclose] was substantially justified or is harmless."

The Tenth Circuit has identified four factors to determine if a failure to disclose was substantially justified or harmless:  "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

The Court has not set a deadline for the parties Rule 26(a)(3) pretrial disclosures in this case.  The Court, however, has set a jury trial in this matter on August 10, 2015.  *See* (Doc. 277) at 2.  Therefore, Plaintiff's deadline for supplementing Hoffman's expert report is July 11, 2015.  Nonetheless, Rule 26(e)(2) mandates that a party supplement "in a timely manner" when the party learns that the prior disclosure is incomplete in some material respect.  On November 4, 2014, Plaintiff became aware that Hoffman's expert report was incomplete when Hoffman provided Defense counsel with twenty-seven previously undisclosed and uncited literature

sources.  At that time, Plaintiff was required under Rule 26(e)(2) to supplement Hoffman's report

in a timely manner.  As of today, Plaintiff has failed to comply with Rule 26(e)(2).  Additionally,

the November 4, 2014, disclosure was untimely because Plaintiff's expert disclosure deadline

was May 21, 2014.  Consequently, the Court must determine whether Plaintiff's untimely

disclosure of Hoffman's twenty-seven additional literature sources was substantially justified or

harmless.  *Woodworker's Supply*, 170 F.3d at 993.

   *1.  Prejudice or Surprise to Defendant*

   Plaintiff first argues that Defendant cannot claim prejudice or surprise because Defendant

failed to raise the issue in its Motion to Exclude.  (Doc. 205) at 20.  Next, Plaintiff asserts that

there is no prejudice because the additional sources were disclosed at Hoffman's deposition on

November 4, 2014.  *Id.*  Further, Defendant had an opportunity to question Hoffman about the

sources and her reliance on the materials during the deposition.  *Id.*

   Defendant counters that it is surprised because Plaintiff failed to supplement Hoffman's

expert report and, more importantly, the disclosure occurred during Hoffman's deposition.  (Doc.

223) at 6-7.  Defendant claims the untimely disclosure resulted in its inability to adequately

prepare for Hoffman's deposition and, consequently, to question Hoffman about the materials in

order to effectively bolster its *Daubert* challenge.  *Id.* at 7.  Defendant also contends that it is

greatly prejudiced because Hoffman testified, and as Plaintiff conceded in its *Daubert* response,

that Hoffman relied upon the twenty-seven sources to form her causation opinions.  (Doc. 283) at

6-7.

   "The type of prejudice that rises to the level of warranting the exclusion of a witness's

testimony . . . is the inability of the opposing party to fully litigate the case and defend against

the new testimony . . . ."  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1255 (10th Cir. 2011).

4

The Court acknowledges that Plaintiff's disclosure of the twenty-seven literature sources during Hoffman's deposition would cause Defendant some surprise.  The deposition transcript, however, suggests that any prejudice to Defendant's ability to defend against Hoffman's causation testimony is minimal.   First, the record is void of any evidence that the twenty-seven literature sources support a new causation opinion.  Second, the deposition testimony demonstrates that Hoffman did not rely on the sources for her methodology and, ultimately, her causation opinions.  Notwithstanding Hoffman's testimony that the literature "support[s]" her "general opinions in the case," (Doc. 244-3) at 2 (Hoffman depo. at 17), she repeatedly testified that the sources were "background information" and she did not recall specifically relying on any of the sources in drafting her report.  *Id.* (Hoffman depo. at 16-17).  The Court, accordingly, finds any prejudice to Defendant is minimal.  Thus, this factor weighs in favor of finding the untimely disclosure substantially justified or harmless.

2.  *Ability of Defendant to Cure the Prejudice*

Plaintiff claims Defendant has the ability to cure the prejudice because there is an abundance of time for Defendant to review the sources and consult with its experts for substantive challenges and prepare for trial.  (Doc. 205) at 20.  Defendant contends that it lacks any ability to cure the prejudice.  (Doc. 223) at 8-9.

The untimely disclosure occurred on November 4, 2014, approximately five months prior to the Court's April 1, 2015, *Daubert* motion deadline and approximately nine months prior to the August 10, 2015, trial setting.  At the very minimum, Defendant had five months to cure any prejudice by reviewing the twenty-seven literature sources and consulting with its experts to adequately prepare its *Daubert* challenge.  Indeed Defendant filed a *Daubert* challenge to Hoffman's proffered testimony which included arguments pertaining to the untimely disclosed

5

literature.  *See* (Docs. 244 and 283).  Moreover, since Defendant filed its *Daubert* motion, Defendant will have an additional four months to consult with its experts and prepare for Hoffman's trial testimony.  The Court therefore finds that this factor weighs in favor of denying Defendant's Motion to Exclude.

      *3.   The Extent to Which Introducing the Opinion Testimony will Disrupt Trial*

It is undisputed that trial will not be disrupted because trial has not commenced.  (Doc. 205) at 20; (Doc. 223) at 10.  For this reason, the third factor weighs in favor of finding the untimely disclosure substantially justified or harmless.

      *4.   Plaintiff's Bad Faith or Willfulness*

The parties agree that there is no direct evidence of Plaintiff's bad faith or willfulness. Defendant, however, asserts that the totality of the circumstances demonstrates Plaintiff's "cavalier attitude" and possibly a "bad faith disregard" for the Court's rules and procedures. (Doc. 223) at 10.  Defendant particularly refers to Plaintiff's failure to disclose the additional sources prior to the deposition, Plaintiff's failure to supplement Hoffman's expert report,  and Plaintiff's inability to follow plain and unambiguous Federal Rules of Civil Procedure.  *Id.*

Although the Court finds it mystifying that Plaintiff has not supplemented Hoffman's expert report in accord with Fed. R. Civ. P. 26(e)(2), the record reveals no bad faith or willful omissions on the part of Plaintiff.  To the contrary, the record suggests Plaintiff did not know about Hoffman's twenty-seven additional literature sources prior to her deposition.  (Doc. 244-3) at 2 (Hoffman depo. at 17).  Accordingly, the fourth factor weighs in favor of Plaintiff.

III.    *Conclusion*

An analysis of the previous *Woodworker's Supply* factors shows that any surprise or prejudice to Defendant is minimal as the untimely disclosed twenty-seven literature sources do

not affect Defendant's ability to litigate or defend Hoffman's causation opinions.  Further, Defendant may cure any prejudice by consulting with its experts regarding its *Daubert* motion and trial preparation.  Moreover, it is uncontroverted that Hoffman's testimony or the twenty-seven literature sources will not disrupt the August 10, 2015, trial setting.  Finally, there is no evidence that Plaintiff acted in bad faith or willfully omitted the materials from Hoffman's expert report.  All of the *Woodworker's Supply* factors weigh in favor of finding the untimely disclosure substantially justified or harmless.  The Court, therefore, denies Defendant's Motion to Exclude with respect to Michelle Hoffman.

IT IS, THEREFORE, ORDERED that Defendant Volvo Cars of North America, LLC's Motion to Exclude Opinions and Bases of Plaintiff's Experts' that were not Disclosed in their Expert Reports (Doc. 184), is DENIED, in part, as to Michelle Hoffman's undisclosed and uncited literature sources.

_____

UNITED STATES DISTRICT JUDGE