IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES RIVERA, as parent and next
friend of A.R., a minor,

      Plaintiff,

v.                               Civ. No. 13-00397 KG/KBM

VOLVO CARS OF NORTH AMERICA, LLC,
a Delaware Corporation; ROE CORPORATIONS
I-X, inclusive; and JOHN DOES I-X, inclusive,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On April 1, 2015, Defendant Volvo Cars of North America, L.L.C. (Defendant) filed a

Motion to Exclude Michelle Hoffman and for Summary Judgment as to Causation.[1]  (Doc. 244).

On April 20, 2015, Plaintiff filed a response.  (Doc. 261).  On May 7, 2015, Defendant filed a

reply.  (Doc. 283).  Having reviewed the Motion to Exclude and the Motion for Partial Summary

Judgment, the accompanying briefs, and the evidence of record, the Court denies the Motion to

Exclude and the Motion for Partial Summary Judgment for the following reasons.

I.     *Background*

    A.  *Notice of Removal (Doc. 1) and Plaintiff's Second Amended Complaint (Doc. 192)*

This federal diversity personal injury lawsuit arises out of child entrapment in a 2001

Volvo S60 four-door sedan automatic power window that occurred in Santa Fe, New Mexico, on

September 27, 2010.  (Doc. 1-1) at 2.  Plaintiff's Second Amended Complaint alleges Defendant

Volvo is liable in product liability negligence and strict products liability based on the subject

---

[1]  The Court construes Defendant Volvo's Motion to Exclude Michelle Hoffman and for Summary Judgment as to Causation as two motions; a Motion to Exclude and a Motion for Partial Summary Judgment.  The Court will address each motion accordingly.

window switch's defective manufacturing, design, and Defendant Volvo's failure-to-warn. (Doc. 192) at 2.  Plaintiff further contends A.R., Plaintiff's minor child, suffered a severe anoxic brain injury as a result of the entrapment and will require lifelong medical care and assistance with daily living.  (Doc. 251) at 3.  Plaintiff seeks compensatory and punitive damages.  (Doc. 192) at 3.

   *B.  Uncontroverted Facts*

   On September 27, 2010, Plaintiff drove a 2001 Volvo S60 four-door sedan to Cesar Chavez Elementary School in Santa Fe, New Mexico to pick up his son.  (Doc. 244-4) at 3 (Rivera depo. at 45).  When Plaintiff arrived at the school, Plaintiff parked the car in a pick-up line.  *Id.*  The vehicle was running while it was parked.  *Id.* (Rivera depo. at 47).  Plaintiff and A.R. remained inside the vehicle; Plaintiff was located in the driver's seat and A.R. was in her car seat.  *Id.*  At some point, Plaintiff removed A.R. from her car seat and placed her on his lap. *Id.* (Rivera depo. at 48–49).  While sitting on Plaintiff's lap, A.R. pretended she was driving the vehicle and played with the radio controls, heater controls, and window switches.  *Id.*  Shortly thereafter, Plaintiff fell asleep with A.R. sitting on his lap.  *Id.* (Rivera depo. at 48).

   Lizet Dominguez (Dominguez), a passerby, awakened Plaintiff by banging on the windshield of Plaintiff's car.  *Id.* (Rivera depo. at 51–52).  When Plaintiff awoke he noticed A.R.'s stomach was against the front passenger window with her head positioned outside the window and her neck trapped in the window.  *Id.* (Rivera depo. at 52–54).  A.R. was unconscious.  *Id.* (Rivera depo. at 52).  Plaintiff then grabbed A.R. and rolled down the window. *Id.* (Rivera depo. at 56).

   Plaintiff cannot recall where A.R.'s feet and hands were located when he discovered her trapped in the window.  *Id.* (Rivera depo. at 54–56).  In addition, no one witnessed the front

2

passenger window roll up on A.R.'s neck.  (Doc. 244-3) at 11 (Hoffman depo. at 62).  Nor did

anyone witness A.R. actuate the window switch.[2]  (Doc. 244) at 11.  Also, there was no physical

evidence or markings on the front passenger window or the window switch.[3]  *Id.*

### C.  *Michelle Hoffman's Expert Report*

Plaintiff intends to introduce the testimony of Michelle Hoffman (Hoffman) as a

biomechanical engineer expert on causation.  (Doc. 261) at 8.  Plaintiff timely disclosed

Hoffman and her expert report as required under Fed. R. Civ. P. 26.  *See* (Doc. 78).  In her expert

report, Hoffman first summarizes her background, education, and expert witness experience.[4]

(Doc. 244-2) at 1.  Next, Hoffman summarizes the materials she reviewed to form her opinions,

indicating she reviewed twenty-five different items.  *Id.* at 2.  Hoffman also states that her

company, Biodynamics Engineering, Inc., inspected an exemplar 2001 Volvo S60 sedan and

scanned "the interior right front area of the exemplar Volvo."  *Id.*  Hoffman then discusses the

facts of the case, the vehicle information, and A.R.'s injuries.  *Id.* at 2–11.  Finally, Hoffman

discusses her analysis and conclusions.  *Id.* at 12–17.

Hoffman intends to testify that A.R. "sustained a brain injury from asphyxia when her

neck became entrapped in the right front passenger power window of" a 2001 Volvo S60 sedan.

*Id.* at 17.  Hoffman further anticipates testifying that the "most probable" cause of the

entrapment resulted from A.R.'s knee pushing down on the back portion of the window switch to

---

[2]  Defendant failed to cite with particularity to those portions of the record on which Defendant relies for the
asserted fact that no one witnessed the accident.  *See* (Doc. 244) at 11; D.N.M.LR-Civ. 56.1(b).  Plaintiff, however,
does not dispute this asserted fact.  *See* (Doc. 261) at 4–8.  Therefore, the fact is deemed undisputed.  *See id.*

[3]  Defendant failed to cite with particularity to those portions of the record on which Defendant relies for the
asserted fact that there is no physical evidence or markings on the right front passenger window or window switch.
*See* (Doc. 244) at 11; D.N.M.LR-Civ. 56.1(b).  Plaintiff, however, does not dispute this asserted fact.  *See* (Doc.
261) at 4–8.  Therefore, the fact is deemed undisputed.  *See id.*

[4]  In accord with Fed. R. Civ. P. 26, Hoffman attached to her expert report her *curriculum vitae*, trial and deposition
testimony for the last four years, and her fee schedule.  (Doc. 244-2) at 1.  The parties did not submit these
attachments to the Court; and Defendant's Motion to Exclude does not dispute these documents or Hoffman's
qualifications as a biomechanical engineer.  *See* (Doc. 244).

actuate the window in manual mode. *Id.*

II.      *Standard of Review*

     A.   *Expert Testimony*

     Fed. R. Evid. 702 governs the admissibility of expert witness testimony and provides that,

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The proponent of the expert bears the burden of satisfying Rule 702 and establishing the admissibility of the testimony, which in this case falls on Plaintiff. *United States v. Baines*, 573 F.3d 979, 985 (10th Cir. 2009).

     Rule 702 imposes upon the Court a "gatekeeping" function with regard to the admissibility of expert opinions. *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). The objective of the gatekeeping obligation is to "ensure the reliability and relevancy of expert testimony . . . to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.*

     The gatekeeping function involves a two-step analysis. *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1134 (10th Cir. 2009). First, the Court must determine whether the witness may be qualified as an expert. To qualify as an expert, the witness must possess such "knowledge, skill, experience, training, or education" in the particular field so that it appears that his or her opinion

rests on a substantial foundation and tends to aid the trier of fact in its search for the truth.

*LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004).  Second, the Court

must determine "whether the witness' opinions are 'reliable' under the principles set forth" in

*Daubert* and *Kumho Tire*.  *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969

(10th Cir. 2001).  The Court should liberally admit expert testimony and has broad discretion in

deciding whether to admit or exclude expert testimony.  *See United States v. Gomez*, 67 F.3d

1515, 1526 (10th Cir.1995) (describing rule 702 as "liberal standard"); *Werth v. Makita Elec.*

*Works, Ltd.*, 950 F.2d 643, 647 (10th Cir.1991) (noting trial court's decision will not be

overturned "unless it is manifestly erroneous or an abuse of discretion").

   *B.  Summary Judgment*

       Summary judgment is appropriate if there is no genuine dispute as to a material fact and

the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  When applying this

standard, the Court examines the factual record and reasonable inferences therefrom in the light

most favorable to the non-movant.  *Deepwater Invs. Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d

1105, 1110 (10th Cir. 1991).  The movant bears the initial burden of showing the absence of a

genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Only then

does the burden shift to the non-movant to come forward with evidence showing that there is a

genuine issue of material fact.  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th

Cir. 1991).  A fact is "material" if, under the governing law, it could have an effect on the

outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hardy v.*

*S.F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999).  An issue of material fact is

genuine if a reasonable jury could return a verdict for the non-movant.  *Kaul v. Stephan*, 83 F.3d

1208, 1212 (10th Cir. 1996) (citation omitted).  The non-movant may not avoid summary

judgment by resting upon the mere allegations or denials of its pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

III.    *Discussion*

   A.   *Defendant's Motion to Exclude*

Defendant now moves for the Court to exclude Hoffman's testimony in its entirety. Defendant contends that Hoffman's testimony should be excluded because (1) there is no factual support for the opinion that A.R. actuated the window switch with her knee, (2) Hoffman's methodology is unreliable, and (3) Hoffman unreliably applied her methodology to the facts.[5] The Court determines it has sufficient evidence to evaluate Hoffman's testimony without a hearing. *See Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000); *see also Dodge v. Cotter Corp.*, 328 F.3d 1212, 1228 (10th Cir. 2003) ("[A] district court has discretion to limit the information upon which it will decide the *Daubert* issue.").

   i.   *Whether Hoffman's proffered opinions are based on sufficient facts and data*

Defendant contends Hoffman's proffered opinion that A.R.'s knee actuated the window switch in manual mode lacks factual support because there are no eye-witnesses to the accident. (Doc. 244) at 13.  Defendant further argues there is no physical evidence on the subject window or window switch. *Id.* at 14.  Defendant also states the only factual evidence is limited to Plaintiff's allege statement to Paramedic Michael Suber (Paramedic Suber) that Plaintiff actuated

---

[5]  The Court's deadline for *Daubert* motions was April 1, 2015.  (Doc. 207).  Notably, Defendant did not challenge Hoffman's qualifications as a biomechanics expert in its Motion to Exclude.  *See* (Doc. 244).  Defendant, however, untimely and summarily challenged Hoffman's qualifications in its reply brief filed on May 7, 2015.  (Doc. 283) at 6.  Because Defendant failed to object to Hoffman's qualifications in a timely manner, the Court finds Defendant's objection waived.  *See Macsenti v. Becker*, 237 F.3d 1223, 1233 (10th Cir. 2001).

6

the switch causing the window to roll up on A.R's neck.[6]  *Id.*

     In contrast, Plaintiff claims there is significant circumstantial evidence to support Hoffman's opinion.  First, Plaintiff testified to the position and condition of A.R. when Plaintiff noticed she was trapped in the window.  (Doc. 261) at 9.  Second, Plaintiff testified to the location on the vehicle where A.R.'s neck was entrapped in the window.  *Id.*  Third, the testimony of Dominguez, Detective David Rael (Detective Rael), and Paramedic Suber corroborate Plaintiff's testimony regarding A.R.'s position in the window.  *Id.* at 9–10.  Fourth, Hoffman utilized "objective evidence, including A.R.'s biometric data, exemplar vehicle measurements, and live and computer-generated surrogate modeling," to conclude the most probable cause of A.R.'s injuries.  *Id.* at 12.

     Under New Mexico products liability law, causation elements "may be established by circumstantial evidence."  *Martin v. Unit Rig & Equip. Co., Inc.*, 715 F.2d 1434, 1439 (10th Cir. 1983) (citing *Richards v. Upjohn Co.*, 95 N.M. 675, 678, 625 P.2d 1192, 1195 (N.M. Ct. App. 1980)).  In addition, an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation.  *See* Fed. R. Evid. 702, 703; *Daubert*, 509 U.S. at 592.  An expert, however, is not permitted to speculate.  *Goebel v. Denver & Rio Grande Western R.R. Co*., 215 F.3d 1083, 1088 (10th Cir. 2000).  An expert opinion must be based on facts that enable the expert "to express a reasonably accurate conclusion as opposed to conjecture

---

[6]  Plaintiff argues his alleged statement within the paramedic report is inadmissible hearsay because Paramedic Suber "testified that a bystander at the scene, whom he could not identify, made the statement." (Doc. 261) at 11 (citing (Doc. 240-11) at 4–5).  Defendant has not proffered, however, any evidence that Plaintiff in fact made the statement.  Instead, Defendant asserts with no supporting argument that the statement is admissible pursuant to Fed. R. Evid. 801(d)(2), 803(1)–(4), 804(b)(3), and 807.  (Doc. 283) at 4.  The evidence is insufficient for the Court to determine who made the alleged statement; let alone whether it was indeed made by Plaintiff.  The declarant in this particular instance is unidentified.  As a result, the Court concludes that the exceptions to the hearsay rule offered by Defendant do not apply.  The Court, however, recognizes that Hoffman, as an expert, may review and/or rely upon hearsay to form an opinion.  *See* Fed. R. Evid. 703.  Therefore, Hoffman may testify as to whether and to what extent she relied upon Plaintiff's alleged statement in the paramedic report in forming her opinions.  The Court will instruct the jury accordingly.

or speculation [but] absolute certainty is not required." *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996) (citation omitted); *see also Robinson v. Missouri Pac. R.R. Co.*, 16 F.3d 1083, 1089–90 (10th Cir.1994) (when expert's opinion had some basis in fact, jury could determine whether testimony was helpful).

In the instant case, Hoffman's opinion regarding A.R.'s position in the window is based on testimony from Plaintiff, Dominguez, Detective Rael, Paramedic Suber, and A.R.'s medical records. (Doc. 244-2) at 12. Hoffman's opinion that A.R.'s knee actuated the window is founded on live and computer-generated surrogate modeling, exemplar vehicle measurements, and biometric data to determine A.R's body and limb positioning. *Id.* at 11–16. Based on the aforementioned evidence, Hoffman conducted additional tests applying pressure to the back of an exemplar window switch. *Id.* at 13. In particular, Hoffman conducted a 40-millimeter ball test, which is the industry-accepted surrogate for a child's knee. *Id.*; (Doc. 177-1) at 2. Hoffman, therefore, formed her opinions regarding A.R.'s placement and actuation of the window switch on the basis of the circumstantial evidence in this case. Her opinions are not unsupported. Hence, the Court will not exclude Hoffman's opinions on the basis of being speculative.

## ii.   *Whether Hoffman's proffered opinions are unreliable*

Defendant asserts that Hoffman's opinions are unreliable because (1) Plaintiff's counsel directed Hoffman to limit her investigation to one plausible scenario, (2) she failed to consider alternative explanations as to the cause of the accident, (3) she did not test her theory with an actual child's knee, and (4) she neglected to search or review any corroborating literature.

Hoffman's expert report evidences that Plaintiff's counsel asked her to "determine how a child of [A.R.'s] stature could have closed the window on her own neck." (Doc. 244-2) at 1.

Contrary to Defendant's assertion, however, there is evidence that Hoffman's hypothesis was not limited to whether A.R.'s knee actuated the window switch.  In the expert report, Hoffman states she placed the computer-generated surrogate model in "*various positions* to see what geometric configurations of [A.R.'s] body would be consistent with contacting the power window switch and trapping her neck near the A-pillar/roof rail junction."  *Id.* at 14-15 (emphasis added).  Hoffman also testified at her deposition, based on the computer modeling, A.R. could have actuated the switch with her knee or foot, but not with her hand.  (Doc. 244-3) at 21 (Hoffman depo. at 114).  Hoffman then concluded that it was "most probable" A.R. actuated the window switch with her knee.  (Doc. 244-2) at 17.  Hoffman's failure to rule out alternative causes for the accident go to the weight of her opinions about the cause of the accident, and have no bearing on admissibility of her opinions.  *See McDonald v. N. Am. Specialty Ins. Co.*, 224 Fed. Appx. 761 (10th Cir. 2007) (expert's admissions that he could not rule out alternative cause of damage to plaintiff's property went only to weight of his causation opinion and had no bearing on admissibility); *Goebel v. Denver and Rio Grande Western R.R. Co.,* 346 F.3d 987, 998–99 (10th Cir. 2003) (expert's failure to rule out all possible alternative causal sources does not render testimony inadmissible).

Likewise, Hoffman's failure to test her hypothesis with an actual child's knee goes towards the weight of her opinion, not admissibility.  *See Morales v. E.D. Etnyre & Co.*, 382 F. Supp. 2d 1252, 1270 (D.N.M. 2005) ("'[T]esting is not necessary in all instances to establish reliability under *Daubert*' . . . an expert's 'personal experience, training, method of observation, and deductive reasoning' could be sufficiently reliable to constitute valid methodology.") (citing *Bitler v. A.O. Smith Corp.*, 391 F.3d 1114, 1122 (10th Cir. 2004)); *see also Daubert,* 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on

the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").  Here, Hoffman conducted a 40-millimeter ball test on the back of an exemplar window switch.  (Doc. 244-2) at 13.  It is uncontroverted that the 40-millimeter ball test is the industry-accepted surrogate for a child's knee.  The Court finds Hoffman's observations and deductive reasoning, based on an industry-accepted surrogate test, sufficiently reliable to constitute as valid and, thus, admissible methodology.  Accordingly, the Court denies Defendant's request to exclude Hoffman's testimony because of the lack of alternative explanations and insufficient testing.

Additionally, Defendant's contention that Hoffman's opinions are unreliable because she failed to search or review scientific literature directly addressing and supporting her opinions lacks merit for two reasons.  First, familiarity with scientific literature on actuation of back window switches is not a prerequisite to opine on causation.  Rather, expert testimony is admissible if it is based on reliable and scientifically valid methodology that fits within the facts of the case.[7]  *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 592–93.  In the present case, Plaintiff has sufficiently demonstrated that Hoffman's proffered testimony is based on reliable and scientifically valid methodology.  For instance, as noted earlier, Hoffman's proffered testimony is based on sufficient facts and data.  *See infra* Part III.A.i; *see also* Fed. R. Evid. 702(b).  More importantly, Hoffman's testimony is the product of reliable principles and methods because she utilized industry-accepted surrogate testing to determine if a child's foot or knee could actuate the window switch.  *See infra* Part III.A.i; *see also* Fed. R. Evid. 702(c).  In addition, Hoffman applied her methodology to facts of this case.  *See supra* Part III.A.iii; *see also* Fed. R. Evid.

---

[7]  Pursuant to FRE 702, the Court reviews several factors to determine whether the proffered expert testimony is admissible.  *See* Fed. R. Evid. 702.  In its Motion to Exclude, Defendant challenges Hoffman's testimony under FRE 702(b)–(d).  *See* (Doc. 244).  Defendant did not timely dispute Hoffman's qualifications or object on the basis that her testimony will not assist the jury to determine causation.  *See id.*

702(d).

Second, Defendant's challenge to Hoffman's failure to review scientific literature goes to the weight that the jury may afford her testimony and not its admissibility. *See Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 654 (10th Cir. 1991) ("[T]he sufficiency of factual basis to support [the expert's] opinion go to its weight, and not its admissibility."); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995) ("[T]he weaknesses in the data upon which [the] expert relied go to the weight the jury should [give the expert's] opinion, they do not render [the expert's] testimony too speculative as a matter of law." While Defendant could make the argument to a jury that failure to familiarize herself with literature on the specific causation weakens her report, this argument is insufficient to warrant exclusion. Thus, the Court will not exclude Hoffman's causation testimony.

        iii.   *Whether Hoffman's principles and methodology were reliably applied to the facts in this case*

Defendant claims Hoffman unreliably applied her principles and methodology to the facts in the instant case. Defendant specifically challenges Hoffman's opinions on the basis of (1) her failure to test the force necessary to raise the window in manual mode, (2) she did not attempt to test nor opine on the amount of force A.R. exerted on the window switch or the duration of force necessary to raise the window, and (3) she failed to opine as to the force necessary to cause A.R.'s actual injuries.

Defendant's perceived weaknesses in Hoffman's application of her methodology as to the facts go to the weight of the testimony, not its admissibility. *See Morales*, 382 F. Supp. 2d at 1270. Hoffman's expert report demonstrates that on November 14, 2013, Automotive Consulting Services (ACS) conducted force tests on the subject vehicle. (Doc. 244-2) at 2, 12–13. During those tests, ACS observed that if the subject window was raised in auto mode, the

11

window would automatically reverse if it encountered an obstacle, such as a rolled up yoga mat.

*Id.* at 13.  ACS further observed that when the subject window rose in manual mode it would not

automatically reverse if it met an obstacle.  *Id.*   As addressed earlier, Hoffman also conducted a

40-millimeter ball test as well as live and computer-generated surrogate testing.  *See infra* Part

III.A.i.  Hoffman thus concluded,

> [A.R.'s] knee was the most probable body part to push down on the back of the
> power window switch, allowing it to raise the window in the manual mode where
> it trapped her neck, causing asphyxiation. . . . If the window had rolled up in auto
> mode, it would have auto-reversed, and [A.R.'s] neck would not have been
> trapped. . . . and the switch would need constant force application to operate in
> manual mode, which is the mode that would have trapped her, since auto-reverse
> did not occur.

*Id.* at 15.  Although Hoffman did not opine on the exact amount and duration of force A.R.

exerted to raise the subject window, Hoffman's report infers, based on the circumstantial

evidence, that A.R. exerted an adequate and constant amount of force to raise the subject window

in manual mode rather than auto mode.  The Court, therefore, finds Hoffman's deductive

reasoning that A.R. exerted the necessary degree and duration of force to raise the subject

window in manual mode sufficiently reliable as applied to Hoffman's observations and the

circumstantial evidence in this case.

Defendant's final contention that Hoffman misconstrued medical evidence and that she

failed to opine on the force necessary to cause A.R.'s injuries also fails.  Any inadequacies in

Hoffman's analysis of the medical evidence go to the weight of the evidence, not its

admissibility.  *See United States v. McCluskey*, 954 F. Supp. 2d 1224, 1251 (D.N.M. 2013) (". . .

*Daubert* requires that factual determinations and flaws in application of generally reliable

methodology are to be handled by cross-examination at trial and presentation of contrary

evidence.").  Accordingly, Hoffman may opine on the force necessary to entrap A.R.'s neck

between the window and the A-pillar/roof rail.  Defendant in turn may raise during cross-examination or with contradicting evidence any flaws that may exist in Hoffman's application of A.R.'s medical reports.  Hoffman, nonetheless, may not opine on the force necessary to cause A.R.'s alleged injuries, such as asphyxiation, because Plaintiff has not proffered Hoffman as a medical expert.

### iv.   Conclusion

The Court concludes that Hoffman's opinions and expert report are based on sufficient circumstantial facts and data.  The Court also finds that Hoffman employed reliable and credible methodology to the facts of this case.  Consequently, Hoffman's testimony will assist the jury to determine a fact in issue, causation.  Accordingly, Hoffman's testimony regarding the cause of the subject accident and A.R.'s injuries is admissible.  Defendant's Motion to Exclude is denied.

### B.   Defendant's Motion for Partial Summary Judgment

Defendant summarily argues that if the Court denies its Motion to Exclude, Defendant is entitled to summary judgment because "the *only* evidence a jury could hear in support of Plaintiff's theory is that of" Hoffman.  (Doc. 244) at 26.

In this case, viewing Hoffman's proffered testimony in the light most favorable to Plaintiff, a reasonable jury could find that the subject switch caused the incident and A.R.'s subsequent injuries.  For this reason, Plaintiff has met his burden in demonstrating a genuine dispute of material fact as to causation.  As a result, Defendant is not entitled to judgment as a matter of law on causation.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Exclude Michelle Hoffman and for Summary Judgment as to Causation (Doc. 244) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE