IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES RIVERA, as parent and next
friend of A.R., a minor,

    Plaintiff,

v.                                      Civ. No. 13-00397 KG/KBM

VOLVO CARS OF NORTH AMERICA, LLC,
a Delaware Corporation; ROE CORPORATIONS
I-X, inclusive; and JOHN DOES I-X, inclusive,

    Defendants.

## ORDER

THIS MATTER comes before the Court upon Defendant Volvo Cars of North America LLC's (VCNA) Motion to Exclude Opinions and Bases of Plaintiff's Experts' That Were Not Disclosed in Their Expert Reports (Motion to Exclude) (Doc. 184), filed February 6, 2015. On February 27, 2015, Plaintiff filed a response. (Doc. 205). On March 23, 2015, Defendant replied. (Doc. 223). On April 29, 2015, the Court held a motions hearing. James Ragan, counsel for Plaintiff, and Todd Rinner, counsel for Defendant VCNA, attended the hearing. For the reasons stated on the record at the April 29, 2015, hearing, and for the reasons stated herein, the Court hereby rules as follows:

    1. the Court grants, in part, and denies, in part, Defendant VCNA's Motion to Exclude as to Dr. David Joseph Callahan (Dr. Callahan), Plaintiff's pediatric neurologist. Dr. Callahan may opine that A.R.'s risk of seizures is seventeen times greater than individuals without a brain injury. The Court, however, finds Dr. Callahan's life expectancy opinion testimony is untimely and, therefore, is excluded;

    2. the Court grants, in part, and denies, in part, as moot Defendant VCNA's Motion to

Exclude with regard to Plaintiff's economic losses expert Robert Johnson (Johnson).  Mr. Johnson's undisclosed and untimely punitive damages opinion is excluded.  Further, the Court denies as moot Defendant VCNA's Motion to Exclude Mr. Johnson's opinions and critiques of Dr. Rhodes' report and findings per Plaintiff's agreement to not elicit such testimony;

     3.  the Court grants Defendant VCNA's Motion to Exclude Dr. Robert Cunitz per the Court's Order (Doc. 318), filed June 10, 2015;

     4.  the Court denies as moot Defendant VCNA's Motion to Exclude Michelle Hoffman per the Court's Memorandum Opinion and Order (Docs. 306 and 307), filed May 28, 2015;

     5.  the Court grants, in part, and denies, in part, Defendant VCNA's Motion to Exclude Plaintiff's product design expert, Gerald Rosenbluth (Rosenbluth).  The Court finds Mr. Rosenbluth's opinions with respect to the 50-millimeter ball tests, a seventeen vehicle survey, Japanese commentary regarding "switch angle," and the force applied by the auto-reverse feature in a VW Passat are untimely and, therefore, are excluded.  The Court also finds the following untimely opinions are excluded—except to the extent that they are discussed in Mr. Rosenbluth's expert report:  basis for feasibility of auto-reverse in manual mode; basis for the opinion that a failure mode effects analysis (FMEA) would have discovered the alleged switch defect; and basis and opinions about what is, and which vehicles represent, "State of the Art" and "Standard of the Industry."  Additionally, Mr. Rosenbluth's 2001 Volvo S60 exemplar door incorporating an auto-reverse alternative design is excluded as an untimely disclosure.  Plaintiff, however, may use the exemplar door during trial so long as no modifications (made for ARS purposes) are visible or mentioned.  The Court further finds Mr. Rosenbluth may opine about the general risks of window entrapment, but testimony as to any other specific window entrapment incident is excluded as untimely.  Finally, the Court denies Defendant VCNA's

Motion to Exclude the November 1, 2014, 40-millimeter ball tests and window force tests; and Mr. Rosenbluth's opinions regarding "switch angle," "switch proximity," or "proximity to vertical."

    IT IS SO ORDERED.

                                                      _____
                                                        UNITED STATES DISTRICT JUDGE