IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES RIVERA, as parent and next
friend of A.R., a minor,

    Plaintiff,

v.                                            Civ. No. 13-00397 KG/KBM

VOLVO CARS OF NORTH AMERICA, LLC,
a Delaware Corporation; ROE CORPORATIONS
I-X, inclusive; and JOHN DOES I-X, inclusive,

    Defendants.

MEMORANDUM OPINION AND ORDER

On April 1, 2015, Defendant Volvo Cars of North America, L.L.C. (Defendant VCNA) filed a *Daubert* Motion to Exclude Plaintiff's Expert Witness Dawn Cook (Motion to Exclude). (Doc. 242). On April 20, 2015, Plaintiff filed a response. (Doc. 266). Defendant VCNA did not file a reply. Having reviewed the Motion to Exclude, the accompanying briefs, and the evidence of record, the Court denies the Motion to Exclude for the following reasons.

I.     Background

    A.  *Notice of Removal (Doc. 1) and Plaintiff's Second Amended Complaint (Doc. 192)*

This federal diversity personal injury lawsuit arises out of child entrapment in a 2001 Volvo S60 four-door sedan automatic power window that occurred in Santa Fe, New Mexico, on September 27, 2010. (Doc. 1-1) at 2. Plaintiff's Second Amended Complaint alleges Defendant VCNA is liable in product liability negligence and strict products liability based on the subject window switch's defective manufacturing, design, and Defendant VCNA's failure-to-warn. (Doc. 192) at 2. Plaintiff further contends A.R., Plaintiff's minor child, suffered a severe anoxic brain injury as a result of the entrapment and will require lifelong medical care and assistance

with daily living. (Doc. 251) at 3. Plaintiff seeks compensatory and punitive damages. (Doc. 192) at 3.

    B. *Dawn Cook's Expert Report*

Plaintiff intends to introduce the testimony of Dawn Cook, RN (Cook) as Plaintiff's expert life care planner. (Doc. 78) at 2. Plaintiff timely disclosed Cook and her expert report as required under Fed. R. Civ. P. 26. *See id*; (Doc. 266-6). In her expert report, Cook first summarizes the subject incident and her credentials. (Doc. 266-6) at 3. Next, Cook lists the records she reviewed. *Id.* at 2. Cook then chronologically summarizes A.R.'s medical records and bills. *Id.* at 3–14. Cook also discusses A.R.'s current status, including her medical and therapy treatments, interviews with A.R.'s treatment providers and parents, and A.R.'s education plan. *Id.* at 14–22. Finally, Cook summarizes and concludes A.R.'s annual and lifetime costs for: (1) medical surveillance; (2) therapeutic modalities; (3) education; (4) case management; (5) augmentive communication devices; (6) group home or personal attendant; and (7) respite and transportation to therapy; and (8) home alarm system. *Id.* at 23–33. Cook intends to testify to A.R.'s future medical and non-medical needs and costs in the aforementioned eight categories. *Id.*

II.    *Expert Testimony Standard*

Fed. R. Evid. 702 governs the admissibility of expert witness testimony and provides that,

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The proponent of the expert bears the burden of satisfying Rule 702 and establishing the admissibility of the testimony, which in this case falls on Plaintiff. *United States v. Baines*, 573 F.3d 979, 985 (10th Cir. 2009).

Rule 702 imposes upon the Court a "gatekeeping" function with regard to the admissibility of expert opinions. *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). The objective of the gatekeeping obligation is to "ensure the reliability and relevancy of expert testimony . . . to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

The gatekeeping function involves a two-step analysis. *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1134 (10th Cir. 2009). First, the Court must determine whether the witness may be qualified as an expert. To qualify as an expert, the witness must possess such "knowledge, skill, experience, training, or education" in the particular field so that it appears that his or her opinion rests on a substantial foundation and tends to aid the trier of fact in its search for the truth. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004). "Rule 702 thus dictates a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject." *United States v. McDonald*, 933 F.2d 1519, 1522 (10th Cir. 1991).

Second, the Court must determine "whether the witness' opinions are 'reliable' under the principles set forth" in *Daubert* and *Kumho Tire*. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). In *Daubert*, the Supreme Court identified five factors that may or may not be pertinent in assessing reliability: (1) the theory or technique in question can be

and has been tested; (2) it has been subjected to peer review and publication; (3) it has a known or potential error rate; (4) the existence and maintenance of standards controlling its operation; and (5) whether it has attracted widespread acceptance within a relevant scientific community. 509 U.S. at 593–94.  When assessing the reliability of a proposed expert's testimony, the Court may consider the *Daubert* factors to the extent relevant, which will depend on the nature of the issue, the expert's particular expertise, and the subject of his testimony.  *Kumho Tire*, 526 U.S. at 150–51.

Rule 702 further requires that expert testimony is relevant.  One aspect of relevance is that the opinions have a sufficient factual basis and a reliable application of the methodology to the facts.  *Daubert*, 509 U.S. at 591.  A sufficient factual basis does not necessarily require the facts or data upon which an expert bases his or her opinion to be independently admissible, so long as they are of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.  Fed. R. Evid. 703.

The Court should liberally admit expert testimony and has broad discretion in deciding whether to admit or exclude expert testimony.  *See United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995) (describing rule 702 as "liberal standard"); *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 647 (10th Cir.1991) (noting trial court's decision will not be overturned "unless it is manifestly erroneous or an abuse of discretion").

III.   *Discussion*

Defendant VCNA now moves for the Court to exclude Cook's testimony in its entirety. Defendant VCNA contends Cook should be excluded because:  (1) her opinions are based on the unreliable medical opinions of Dr. David Joseph Callahan (Dr. Callahan); and (2) she is unqualified to render opinions that are unsupported by treating physician recommendations.  The

4

Court determines it has sufficient evidence to evaluate Cook's testimony without a hearing. *See Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000); *see also Dodge v. Cotter Corp.*, 328 F.3d 1212, 1228 (10th Cir. 2003) ("[A] district court has discretion to limit the information upon which it will decide the *Daubert* issue.").

    A.  *Dr. Callahan's expert report and out-dated medical and school records*

Defendant VCNA argues that certain recommendations in Cook's life care plan are based on the unreliable medical opinions of Dr. Callahan. (Doc. 242) at 2–3. On April 1, 2015, Defendant VCNA filed a motion to exclude Dr. Callahan on the basis that his opinions are supported by out-dated medical and school records. *See* (Doc. 241). Defendant VCNA asserts that if the Court grants its motion to exclude Dr. Callahan, the Court should also exclude or limit Cook's opinions. On June 22, 2015, this Court denied Defendant VCNA's motion to exclude Dr. Callahan; therefore, Defendant VCNA's argument to exclude Cook's opinions because they are based on conclusions by Dr. Callahan fails. *See* (Doc. 322). Moreover, in the June 22, 2015, Memorandum Opinion and Order, this Court found Defendant VCNA's challenges to the out-dated records go to the weight of Dr. Callahan's opinions, not the admissibility. *Id.* at 6. Accordingly, the Court denies Defendant VCNA's request to exclude Cook.

    B.  *Whether Cook's recommendations are unsubstantiated by A.R.'s treating physicians and specialists*

Defendant VCNA generally challenges Cook's opinions on the basis that several of her opinions are unsupported by A.R.'s medical experts and treating physicians. Notably, Defendant VCNA does not dispute Cook's qualifications as a life care planner.

Experts may rely on the reports or information of other experts. *See Booth v. Kit, Inc.*, 2009 WL 4263615, at *2 (D.N.M.) (internal citation omitted). Life care planners especially utilize this practice to review records and opinions of medical experts, treating physicians, and

specialists to determine pertinent expenses for the jury. *Id.*; *see also Feliciano v. Cate St. Capital, Inc.*, 2014 WL 7642091, at *2 (D. Wyo.). "A life care planner does not formulate medical opinions, but rather relies upon the opinions and findings of medical specialist." *Id.*

In this matter, Cook's expert report indicates that she relied on reports and communications by Dr. Callahan, a pediatric neurologist, Dr. Laurence Shandler, A.R.'s pediatrician, Dr. Denise Taylor, A.R.'s neurologist, Lifespan Therapy Services, A.R.'s therapy center for speech language therapy, occupational and physical therapy, and Julie Holtfield of Lifespan, A.R.'s speech therapist. (Doc. 266-6) at 4–33. Cook also reviewed A.R.'s school and medical records, interviewed A.R. and her parents, and researched costs associated with future care. *Id.* At her deposition, Cook testified that her analysis and report was prepared in conformity with the protocol, methodology, and practice she employs as a certified life care planner. (Doc. 266-5) at 3–4 (Cook depo. at 96–100).

Moreover, Cook's expert report clearly demonstrates that her recommendations for future medical and non-medical needs are based on A.R.'s medical and school records, and recommendations and opinions by A.R.'s medical experts, treating physicians, and A.R.'s therapy specialist. For example, A.R.'s psychological and therapy needs are based on A.R.'s medical records, Ms. Holtfield's recommendations, and Dr. Taylor's report and recommendations. *See* (Doc. 266-6) at 25–26. In addition, A.R.'s education and case management needs are based on A.R.'s medical records. There is no evidence in the record that Cook formulated her own medical opinions or recommendations in regard to A.R.'s needs.

With respect to Cook's opinions regarding out-of-state treatment facilities, the record evidences that Cook included the out-of-state options because of the lack of treatment facilities in New Mexico. *Id.* at 4 (Cook depo. at 99–100). Cook also testified that she had not informed

A.R.'s parents about treatment facilities in New Mexico or the lack thereof.  *Id.* at 3 (Cook depo. at 95).  In addition, Cook's expert report itemizes the treatment facilities to demonstrate the different options depending on A.R.'s need at the time of placement in a facility.  (Doc. 266-6) at 30–32.

The Court finds Plaintiff has shown that the methodology employed by Cook in reaching her conclusions is scientifically sound and that her opinions are based on facts which sufficiently satisfy Rule 702's reliability and relevancy requirements.  To the extent Defendant VCNA disputes Cook's opinions, especially those based on Cook's review of medical records and communications with A.R.'s therapy specialist, those issues are a matter of credibility and weight to be brought out in cross-examination and resolved by the jury.

In sum, the Court finds Plaintiff has shown that Cook is a qualified life care planner, her opinions are the product of reliable data and methodology, and her opinions are based on sufficient facts and data that will assist the trier of fact.

IT IS, THEREFORE, ORDERED that Defendant Volvo Cars of North America, L.L.C.'s *Daubert* Motion to Exclude Plaintiff's Expert Witness Dawn Cook (Doc. 242) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE