IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES RIVERA, as parent and next friend of A.R., a minor,

Plaintiff,

v. Civ. No. 13-00397 KG/KBM

VOLVO CARS OF NORTH AMERICA, LLC, a Delaware Corporation; ROE CORPORATIONS I-X, inclusive; and JOHN DOES I-X, inclusive,

Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Volvo Cars of North America, L.L.C.'s (Defendant VCNA) Motion for Summary Judgment on Product Liability Negligence as a Matter of Law (Motion for Partial Summary Judgment), filed on April 1, 2015. (Doc. 249). On April 20, 2015, Plaintiff filed a response.[1] (Doc. 262). On May 7, 2015, Defendant VCNA filed a reply. (Doc. 282). Having reviewed the Motion for Partial Summary Judgment, the accompanying briefs, and the evidence of record, the Court grants Defendant VCNA's Motion for Partial Summary Judgment.

I. *Notice of Removal (Doc. 1) and Plaintiff's Second Amended Complaint (Doc. 192)*

This federal diversity personal injury lawsuit arises out of child entrapment in a 2001 Volvo S60 four-door sedan automatic power window that occurred in Santa Fe, New Mexico, on September 27, 2010. (Doc. 1-1) at 2. Plaintiff's Second Amended Complaint alleges Defendant

---

[1] Plaintiff also moved for partial summary judgment as to the product liability negligence claim. Dispositive motions were due April 1, 2015. (Doc. 207). Plaintiff filed the Cross-Motion for Partial Summary Judgment on April 20, 2015. Notably, Plaintiff did not request leave or state a reason for the untimely motion. *See* Fed. R. Civ. P. 6(b)(1)(B). The Court, therefore, finds Plaintiff's Cross-Motion for Partial Summary Judgment untimely and will not be considered. *See Merrill Scott & Assocs., Ltd. v. Concilium Ins. Servs.*, 253 Fed. Appx. 756, 763 (10th Cir. 2007) (holding it is within district court's power to manage its docket and supervise pretrial phase of litigation).

VCNA is liable in product liability negligence and strict products liability based on the subject window switch's defective manufacturing, design, and Defendant VCNA's failure-to-warn.[2] (Doc. 192) at 2. Plaintiff further contends A.R., Plaintiff's minor child, suffered a severe anoxic brain injury as a result of the entrapment and will require lifelong medical care and assistance with daily living. (Doc. 251) at 3. Plaintiff seeks compensatory and punitive damages. (Doc. 192) at 3.

*II. Standard of Review*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the non-movant. *Deepwater Invs. Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir. 1991). The movant bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hardy v. S.F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996) (citation omitted). The non-movant may not avoid summary judgment by resting upon the mere allegations or denials of its pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

*III. Background*

[2] On June 10, 2015, the Court dismissed Plaintiff's failure-to-warn claim with prejudice. (Doc. 318) at1–2.

*A. Uncontroverted Facts*

Defendant VCNA is the distributor for Volvo Car Company (VCC) in the United States.[3] (Doc. 282) at 3. Defendant VCNA was the distributor for the subject vehicle, a 2001 Volvo S60 four-door sedan. (Doc. 249) at 3.

On September 27, 2010, Plaintiff drove the subject vehicle to Cesar Chavez Elementary School in Santa Fe, New Mexico to pick up his son. (Doc. 244-4) at 3 (Rivera depo. at 45). When Plaintiff arrived at the school, Plaintiff parked the car in a pick-up line. *Id.* The subject vehicle was running while it was parked. *Id.* (Rivera depo. at 47). Plaintiff and A.R. remained inside the subject vehicle; Plaintiff was located in the driver's seat and A.R. was in her car seat. *Id.* At some point, Plaintiff removed A.R. from her car seat and placed her on his lap. *Id.* (Rivera depo. at 48–49). While sitting on Plaintiff's lap, A.R. pretended she was driving the subject vehicle and played with the radio controls, heater controls, and window switches. *Id.* Shortly thereafter, Plaintiff fell asleep with A.R. sitting on his lap. *Id.* (Rivera depo. at 48).

Lizet Dominguez (Dominguez), a passerby, awakened Plaintiff by banging on the windshield of Plaintiff's car. *Id.* (Rivera depo. at 51–52). When Plaintiff awoke he noticed A.R.'s stomach was against the front passenger window with her head positioned outside the window and her neck trapped in the window. *Id.* (Rivera depo. at 52–54). A.R. was unconscious. *Id.* (Rivera depo. at 52). Plaintiff then grabbed A.R. and rolled down the window. *Id.* (Rivera depo. at 56).

Plaintiff cannot recall where A.R.'s feet and hands were located when he discovered her trapped in the window. *Id.* (Rivera depo. at 54–56). In addition, no one witnessed the front passenger window roll up on A.R.'s neck. (Doc. 244-3) at 11 (Hoffman depo. at 62). Nor did

[3] VCC is not a named party to this lawsuit.

anyone witness A.R. actuate the window switch.[4] (Doc. 244) at 11. Also, there was no physical evidence or markings on the front passenger window or the window switch.[5] *Id.*

*B. Disputed Facts*

In this case it is highly contested whether Defendant VCNA had any role in the design or manufacture of the subject vehicle. (Doc. 249) at 3; (Doc. 262) at 2. The parties further dispute whether Defendant VCNA labeled or marketed the subject vehicle as being made by VCNA or made to VCNA's specifications. (Doc. 249) at 3; (Doc. 262) at 3. Finally, the parties dispute whether Defendant VCNA participated in the testing or inspection of the subject vehicle. (Doc. 249) at 3; (Doc. 262) at 3.

*IV. Discussion*

Defendant VCNA contends that it is entitled to summary judgment on Plaintiff's product liability negligence claim because it cannot be regarded as a manufacturer. *See* UJI 13-1411 NMRA 2013. In support of its motion, Defendant VCNA submits that VCC, a Swedish company, "was responsible for the overall design and developmental testing of the" subject vehicle. (Doc. 249-1) at 3–4. Further, VCC clearly labeled and marketed the subject vehicle as its own as evidenced by the manufacturing label inside the subject vehicle. (Doc. 249-2).

Plaintiff asserts Defendant VCNA is a manufacturer under New Mexico law because it participated in the design, manufacturing, testing, and inspection of the subject vehicle.[6] In

[4] Defendant failed to cite with particularity to those portions of the record on which Defendant relies for the asserted fact that no one witnessed the accident. *See* (Doc. 244) at 11; D.N.M.LR-Civ. 56.1(b). Plaintiff, however, does not dispute this asserted fact. *See* (Doc. 261) at 4–8. Therefore, the fact is deemed undisputed. *See id.*

[5] Defendant failed to cite with particularity to those portions of the record on which Defendant relies for the asserted fact that there is no physical evidence or markings on the right front passenger window or window switch. *See* (Doc. 244) at 11; D.N.M.LR-Civ. 56.1(b). Plaintiff, however, does not dispute this asserted fact. *See* (Doc. 261) at 4–8. Therefore, the fact is deemed undisputed. *See id.*

[6] In support of the assertion, Plaintiff cited the Fed. R. Civ. P. 30(b)(6) deposition of Thomas Andersson (Mr. Andersson) alleging that he testified on behalf of Defendant VCNA. (Doc. 262); (Doc. 262-6). In its reply,

support of this contention, Plaintiff offers a letter VCC and Defendant VCNA submitted to the National Highway Traffic Safety Administration (NHTSA) in January 1997. (Doc. 262) at 2. The letter pertains to NHTSA's proposed rule regarding inadvertent window switch actuation testing. (Doc. 153-2) at 2–3. Moreover, Plaintiff maintains Defendant VCNA labeled and marketed the vehicle as its own because the owner's manual directs consumers to contact Defendant VCNA. (Doc. 262-1). Plaintiff further claims Defendant VCNA held itself out as the manufacturer because the labeling within the subject vehicle does not distinguish between VCC and Defendant VCNA; rather, the emblem "VOLVO" is placed throughout the vehicle, warranty guide, and owner's manual. (Doc. 262-5). Finally, Plaintiff maintains Defendant VCNA labeled and marketed the subject vehicle to its own specifications because the marketing label states the "vehicle conforms to all applicable federal motor vehicle safety," instead of European or world-wide standards. (Doc. 262-4) at 2–3.

It is well established in New Mexico that a plaintiff may bring a products liability negligence claim against a manufacturer or a supplier. *See Fernandez v. Ford Motor Co.*, 118 N.M. 100, 879 P.2d 101, (N.M. Ct. App. 1994). A supplier "has a duty to use ordinary care to avoid a foreseeable risk of injury caused by a condition of the product or manner in which it is used." UJI 13-1402 NMRA 2013. A manufacturer must exercise ordinary care in designing,

---

Defendant VCNA asserted that Mr. Andersson testified as a Rule 30(b)(6) VCC company representative. (Doc. 282) at 7–8. On May 18, 2015, the parties filed unopposed motions to file a surreply and response to the surreply for the limited purpose of addressing whether Mr. Andersson did or did not testify as Defendant VCNA's company representative. (Doc, 299). On May 25, 2015, Plaintiff filed a surreply. (Doc. 300). On June 1, 2015, Defendant VCNA filed a response. (Doc. 309). On June 10, 2015, the Court found that Plaintiff's Rule 30(b)(6) notice named VCC not Defendant VCNA. (Doc. 318) at 2. The Court also found that Mr. Andersson did not consent to testify on behalf of Defendant VCNA and, as a result, his testimony could not be imputed to Defendant VCNA. *Id.* Consequently, Mr. Andersson's testimony regarding VCC's activities and knowledge is immaterial to the Court's disposition of Defendant VCNA's Motion for Partial Summary Judgment because it has no relation as to whether Defendant VCNA marketed or labeled itself as the manufacturer of subject vehicle. *See Phillips v. Calhoun*, 956 F.2d 949, 951-52 (10th Cir. 1992) (immaterial facts are irrelevant to Court's disposition) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("under materiality requirement of Rule 56(c), '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment'")).

making, inspecting, testing, and packaging the product. UJI 13-1410 NMRA 2013.

In New Mexico, a supplier may be liable as a manufacturer under the "apparent manufacturer" doctrine. *See* UJI 13-1411 NMRA 2013 committee commentary; *see also Long v. United States Brass Corp.*, 333 F. Supp. 2d 999, 1002 (D. Colo. 2004) . Under this doctrine, a "supplier who permits a product to be sold as its own is subject to the duties of a manufacturer." UJI 13-1411 NMRA 2013. "A supplier permits a product to be sold as its own if it labels or markets [the product] in such a way that the purchaser is reasonably led to believe that [the] supplier made the product or had it made to" the supplier's specifications. *Id.*

The rationale for imposing liability to an apparent manufacturer is that the supplier, through advertising and labeling, induces a purchaser to reasonably "believe that it is the actual manufacturer, and to act on this belief—that is, to purchase the product in reliance on the apparent manufacturer's reputation and skill in making" the product. *Long*, 333 F. Supp. 2d at 1002 (internal quotation and citation omitted); *see also Carney v. Sears, Roebuck & Co.*, 309 F.2d 300, 304 (4th Cir. 1962) (test is whether consumer "reasonably believed in and relied upon" supplier's apparent manufacture of product).

Viewing the evidence in the light most favorable to Plaintiff, the Court finds Plaintiff has not met his burden as the non-movant to demonstrate a genuine issue of material fact that Plaintiff, or any consumer, would reasonably believe Defendant VCNA manufactured the subject vehicle. Although it is undisputed that on January 17, 1997, VCC and Defendant VCNA submitted a comment to NHTSA regarding inadvertent window switch actuation testing, no reasonable juror could conclude, based on this evidence, that Defendant VCNA manufactured the subject vehicle. (Doc. 153-2) at 2–3. In fact, Plaintiff has not produced any evidence demonstrating that he has read the letter. Moreover, NHTSA's final rule regarding inadvertent

switch actuation references Volvo, not Defendant VCNA, as a commenter. *See* (Doc. 258-6). Consequently, no reasonable jury could find facts supporting Plaintiff's assertion that Defendant VCNA was actively involved in designing and administering window switch actuation tests. *Cf. E. I. du Pont de Nemours & Co. v. McCain*, 414 F.2d 369, 373–74 (5th Cir. 1969) (supplier liable as manufacturer when assumed active role in design and testing). Accordingly, the Court finds Plaintiff has not met his burden of establishing a genuine issue of material fact as to whether Plaintiff or any consumer would believe Defendant VCNA tested the subject vehicle switch.

Plaintiff also relies upon a magazine advertisement from 1973 to suggest that Defendant VCNA represented to consumers that it builds safe cars. Here, viewing the advertisement in the light most favorable to Plaintiff, no reasonable jury could conclude that the 1973 advertisement inferred Defendant VCNA as the designer or manufacturer of the subject vehicle. First, Plaintiff, as the non-movant, has not submitted even a scintilla of evidence in support of the contention that he saw or relied upon the advertisement. Additionally, the advertisement's reference to Defendant VCNA is limited to the copyright notice at the bottom of the page in small print. The Court finds the copyright notice insufficient to support a finding that Defendant VCNA "represented to the public that it was putting out" Volvo cars as its own. *See Affiliated FM Ins. Co. v. Trane Co.*, 831 F.2d 153, 155–56 (7th Cir. 1987). As a result, Plaintiff has not met his burden of demonstrating a genuine dispute of material fact.

More importantly, the record contains no indicia that Defendant VCNA placed its name on the interior or exterior of the subject vehicle; rather Volvo Corporation's trademark is located on the product. The emblem "VOLVO" and trademark is registered to Volvo Corporation Sweden Göteborg, not Defendant VCNA. (Doc. 282-1). Indeed, Volvo Corporation has owned

the trademark since December 15, 1981. *Id.* Moreover, the subject vehicle's manufacturing label specifically names the manufacturer, "Volvo Gothenburg Sweden." (Doc. 249-2). The manufacturing label also states the date of manufacture and provides, in relevant part, that the subject "vehicle conforms to all applicable federal motor vehicle safety . . . standards in effect on the date of manufacture shown above." *Id.* Thus, based on this evidence, a reasonable jury could find that Plaintiff or a consumer would believe that Volvo Gothenburg Sweden, not Defendant VCNA, manufactured the subject vehicle in accord with federal regulations. Finally, the record shows that the owner's manual directs consumers to contact Defendant VCNA "Customer Relations" department for questions and information. (Doc. 262-1). It does not name Defendant VCNA as the designer or manufacturer. Based on this evidence, no reasonable jury could find that a consumer would believe that a customer relations department was the manufacturer of a product; especially when the actual manufacturer's trademark and name is placed throughout the vehicle. Accordingly, the Court finds Plaintiff has not met his burden to demonstrate a genuine dispute of material fact as to whether Plaintiff or other consumers reasonably believed that Defendant VCNA represented the subject vehicle as its own.

Therefore, the Court concludes that a reasonable jury could not find facts supporting Plaintiff's claim that he or a consumer could reasonably believe that Defendant VCNA marketed or labeled the subject vehicle or had the subject vehicle made to its specifications. As a result, Defendant VCNA is not liable in negligence as a manufacturer. Further, Defendant VCNA may not be held liable in negligence as a supplier because Plaintiff's Second Amended Complaint asserts only a manufacturer's negligence claim. *See* (Doc. 192) at 2 ¶ 7 ("Defendant Volvo was negligent in the design and manufacturing of said vehicle/window."). Accordingly, Defendant VCNA is entitled to summary judgment on Plaintiff's product liability negligence claim and,

thus, the Court will dismiss Plaintiff's products liability negligence claim with prejudice.

IT IS, THEREFORE, ORDERED that:

1. Defendant Volvo Cars of North America, L.L.C.'s Motion for Summary Judgment on Product Liability Negligence as a Matter of Law (Doc. 249) is granted; and

2. summary judgment will be entered in Defendant VCNA's favor on Plaintiff's product liability negligence claim, and the claim will be dismissed with prejudice.

UNITED STATES DISTRICT JUDGE