IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES RIVERA, as parent and next
friend of A.R., a minor,

    Plaintiff,

v.                                                                              Case No. 13-00397 KG/KBM

VOLVO CARS OF NORTH AMERICA, LLC,
a Delaware Corporation; ROE CORPORATIONS
I–X, inclusive; and JOHN DOES I–X, inclusive,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Volvo Cars of North America's (Defendant VCNA) Motion for Partial Summary Judgment on Affirmative Defense of Plaintiff's Negligence (Motion for Partial Summary Judgment), filed on April 1, 2015. (Doc. 246). On April 20, 2015, Plaintiff filed a response to the Motion for Partial Summary Judgment. (Doc. 259). On May 7, 2015, Defendant VCNA filed a reply. (Doc. 287). Having reviewed the Motion for Partial Summary Judgment, the accompanying briefs, and the evidence of record, the Court denies Defendant VCNA's Motion for Partial Summary Judgment.

I.    *Notice of Removal (Doc. 1) and Plaintiff's Second Amended Complaint (Doc. 192)*

This federal diversity personal injury lawsuit arises out of a child's entrapment in a 2001 Volvo S60 four-door sedan automatic power window that occurred in Santa Fe, New Mexico, on September 27, 2010. (Doc. 1-1) at 2. Plaintiff's Second Amended Complaint alleges Defendant VCNA is liable in product liability negligence and strict products liability based on the subject window switch's defective manufacturing and design, as well as Defendant VCNA's failure-to-

1

warn.[1]  (Doc. 192) at 2.  Plaintiff further contends A.R., Plaintiff's minor child, suffered a severe anoxic brain injury as a result of the entrapment and will require lifelong medical care and assistance with daily living.  (Doc. 251) at 3.  Plaintiff seeks compensatory and punitive damages.  (Doc. 192) at 3.

II.     *Standard of Review*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the non-movant.  *Deepwater Invs. Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir. 1991).  The movant bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact.  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hardy v. S.F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant.  *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996) (citation omitted).  Additionally, material facts must refer with particularity to those portions of the record upon which the movant relies.  D.N.M.LR-Civ. 56.1(b).  The non-movant may not avoid summary judgment by resting upon mere speculation, conjecture, or unsubstantiated allegations or denials of its pleadings.  *Bones v. Honeywell Intern., Inc.,* 366 F.3d

---

[1] On June 10, 2015, the Court dismissed Plaintiff's failure-to-warn claim with prejudice.  (Doc. 318).  The Court also dismissed Plaintiff's product liability claim with prejudice on July 1, 2015.  (Doc. 332).

869, 875 (10th Cir. 2004) (citation omitted); *Bacchus Indus., Inc.*, 939 F.2d at 891.  Instead, the non-movant must set forth "specific facts." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

III.    *Uncontroverted Facts*[2]

On September 27, 2010, Plaintiff drove a 2001 Volvo S60 four-door sedan (subject vehicle) to Cesar Chavez Elementary School in Santa Fe, New Mexico, to pick up his son.  (Doc. 244-4) at 3 (Rivera depo. at 45).  A.R., Plaintiff's 22-month-old daughter, was the only passenger. (Doc. 240-1) at 45; (Doc. 240-10) at 1.  When Plaintiff arrived at the school, Plaintiff parked the car in a pick-up line.  (Doc. 240-1) at 45.  The subject vehicle was running while it was parked. (Doc. 244-4) at 3 (Rivera depo. at 47).  Plaintiff and A.R. remained inside the vehicle; Plaintiff was located in the driver's seat, and A.R. was in her car seat.  *Id.*  At some point, Plaintiff removed A.R. from her car seat and placed her on his lap.  *Id.* (Rivera depo. at 48–49).  While sitting on Plaintiff's lap, A.R. pretended she was driving the vehicle and played with the radio controls, heater controls, and window switches.  *Id.*  Shortly thereafter, Plaintiff fell asleep with A.R. sitting on his lap.  *Id.* (Rivera depo. at 48).

Lizet Dominguez, a passerby, awakened Plaintiff by banging on the windshield of Plaintiff's car.  *Id.* (Rivera depo. at 51–52).  Plaintiff awoke and noticed A.R.'s stomach was against the front passenger window with her head positioned outside the window and her neck trapped in the window.  *Id.* (Rivera depo. at 52–54).  A.R. was unconscious.  *Id.* (Rivera depo. at 52).  Plaintiff then grabbed A.R. and rolled down the window.  *Id.* (Rivera depo. at 56).

Plaintiff cannot recall where A.R.'s feet and hands were located when he discovered her trapped in the window.  *Id.* (Rivera depo. at 54–56).  No one witnessed the front passenger

---

[2] Both parties proffered expert testimony, Dr. Robert Cunitz and Dr. Christine Wood, regarding comparative negligence and Plaintiff's actions.  On June 10, 2015, the Court excluded both experts testimony as inadmissible.  *See* (Doc. 318).

3

window roll up on A.R.'s neck.  (Doc. 244-3) at 11 (Hoffman depo. at 62).  Nor did anyone witness A.R. actuate the window switch.[3]  (Doc. 244) at 11.  Also, there was no physical evidence or markings on the front passenger window or the window switch.[4]  *Id.*

IV.   *Discussion*

Defendant VCNA claims that Plaintiff bears some fault for the subject incident and, accordingly, is comparatively negligent as a matter of law.[5]  Defendant VCNA more particularly asserts that Plaintiff breached the duty of ordinary care he owed A.R. because Plaintiff's act of falling asleep left A.R. "unattended and unrestrained in a running car."  (Doc. 246) at 7.  Defendant VCNA also claims that Plaintiff's actions ultimately caused A.R.'s injuries.  *Id.* at 6.

To establish comparative negligence, Defendant VCNA must make a *prima facie* negligence case, showing duty, breach, and causation—including cause in fact and proximate cause—of the injured party's damages.  *See Herrera v. Quality Pontiac*, 2003–NMSC–018 ¶6, 73 P.3d 181, 185–86; *see also Scott v. Rizzo*, 1981–NMSC–021 ¶15, 634 P.2d 1234, 1239.  It is uncontroverted that Plaintiff, as a parent, owed A.R. a duty of ordinary care.  (Doc. 259) at 2.  As such, the Court need only discuss breach and causation.

A.   *Breach*

Defendant VCNA contends that Plaintiff breached the duty of ordinary care owed to A.R.

---

[3] Defendant VCNA did not cite with particularity to those portions of the record on which Defendant VCNA relies for the asserted fact that no one witnessed the accident.  *See* (Doc. 244) at 11; D.N.M.LR-Civ. 56.1(b).  Plaintiff, however, does not dispute this asserted fact.  *See* (Doc. 261) at 4–8.  Therefore, the fact is deemed undisputed.  *See id.*

[4] Defendant VCNA did not cite with particularity to those portions of the record on which Defendant VCNA relies for the asserted fact that there is no physical evidence or markings on the right front passenger window or window switch.  *See* (Doc. 244) at 11; D.N.M.LR-Civ. 56.1(b).  Plaintiff, however, does not dispute this asserted fact.  *See* (Doc. 261) at 4–8.  Therefore, the fact is deemed undisputed.  *See id.*

[5] Defendant VCNA contends that Plaintiff does not specifically deny that he was comparatively negligent.  (Doc. 246) at 6.  As a result, Defendant VCNA asserts that the Motion for Partial Summary Judgment is unopposed and, accordingly, that the Court should grant the motion.  (Doc. 287) at 2.  The Court finds Defendant VCNA's contention lacks merit.  As addressed in this Memorandum Opinion and Order, the parties hotly contest whether Plaintiff's actions equated negligence.

when he fell asleep, thus, leaving A.R. "unsupervised" and "unattended" in a running vehicle. (Doc. 246) at 6. To determine whether a parent has breached the duty of ordinary care owed to a child, the trier-of-fact must examine: (1) what a reasonably prudent person would foresee; (2) what an unreasonable risk of injury would be; and (3) what would constitute an exercise of ordinary care in light of all surrounding circumstances. *Lujan v. N.M. Dept. of Transp.*, 2015–NMCA–005 ¶13, 341 P.3d 1, 5 (citation omitted). Ordinary care is defined as "that care which a reasonably prudent person would use in the conduct of the person's own affairs." UJI 13–1603 NMRA 2015. Any risk of danger that should reasonably be foreseen will increase the amount of care necessary. *Id.*

Defendant VCNA alleges that Plaintiff breached his duty because he failed to supervise and attend to A.R. during the time that A.R "somehow" became entrapped. (Doc. 246) at 5–6. Although no dispute exists that A.R. became entrapped and that Plaintiff owed a duty of ordinary care to A.R., the parties greatly contest the manner in which A.R. became entrapped and the meaning of the words "supervised," "unsupervised," "attended," and "unattended." While Defendant VCNA's assertions are plausible, whether Plaintiff left A.R. "unsupervised" or "unattended" goes to the heart of whether a reasonably prudent person would foresee an unreasonable risk of injury to a child like A.R. under the circumstances in this case. As such, the issue of breach requires a factual inquiry and, hence, cannot be decided as a matter of law. *Fernandez v. Ford Motor Co.*, 1194–NMCA–063 ¶40, 879 P.2d 101, 114. For this reason, the Court finds there is a genuine dispute with respect to Plaintiff's alleged breach of duty.

   B. *Causation*

Defendant VCNA argues that Plaintiff was both the cause in fact and the proximate cause of A.R.'s injuries because—if Plaintiff had stayed awake—A.R. would not have become entrapped or Plaintiff would have removed A.R. from the window before she lost consciousness. (Doc. 246)

at 6–7.  The cause of an injury is an act or omission which contributes to bringing about the injury and without which the injury would not occur.  *See* UJI 13-305 NMRA 2015; *see also Chamberland v. Roswell Osteopathic Clinic, Inc.,* 2001–NMCA–045 ¶ 18, 27 P.3d 1019, 536 (stating plaintiff must demonstrate "a chain of causation initiated by some negligent act or omission of the defendant, which in legal terms is the cause in fact or the 'but for' cause of plaintiff's injury").  A proximate cause produces an injury in a natural and continuous sequence and is something that without which the injury would not occurr.  *See Herrera,* 2003–NMSC–018 ¶34, 73 P.3d at 195; *see also* UJI 13–305 NMRA 2015.  A proximate cause "need not be the only explanation for the injury, nor the reason that is nearest in time or place."  UJI 13–305 NMRA 2015.  Instead, it may occur "in combination with some other cause to produce the result."  *Id*.

      As an initial matter, Defendant VCNA did not proffer any evidence in support of its bare allegation that Plaintiff was the cause in fact of A.R.'s injuries.  Consequently, the Court finds Defendant VCNA failed to meet its burden under the summary judgment standard.  *See* D.N.M.LR-Civ. 56.1(b) (movant for summary judgment must "refer with particularity to those portions of the record upon which the movant relies").

      The Court further finds that Defendant VCNA did not meet its burden as to proximate cause.  Defendant VCNA's assertions—that *if* Plaintiff had not fallen asleep, he would not have let his daughter become or remain entrapped in the window—are plausible conjecture.  Mere speculation or conjecture, however, carries no weight in summary judgment proceedings.  *Bones*, 366 F.3d at 875.  The Court, therefore, finds there is a genuine dispute as to whether Plaintiff was the proximate cause of A.R.'s injuries.  As a result, Defendant VCNA is not entitled to summary judgment as a matter of law on its comparative negligence defense.

IT IS, THEREFORE, ORDERED that Defendant Volvo Cars of North America's Motion for Partial Summary Judgment on Affirmative Defense of Plaintiff's Negligence (Doc. 246) is DENIED.

_____
UNITED STATES DISTRICT JUDGE