IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES RIVERA, as parent and next
friend of A.R., a minor,

    Plaintiff,

v.                                             Civ. No. 13-00397 KG/KBM

VOLVO CARS OF NORTH AMERICA, LLC,
a Delaware Corporation,

    Defendant.

## ORDER FOR SUPPLEMENTAL BRIEFING

This matter comes before the Court *sua sponte* for an Order directing Plaintiff to supplement the record pursuant to D.N.M. LR-Civ. 7.3(b) and Fed. R. Civ. P. 56(c)(1)(A)–(B). On September 24, 2015, Defendant filed a Combined Rule 50 and Rule 59 Motion (Motion). (Doc. 460). On October 6, 2015, Plaintiff responded and Defendant replied on October 23, 2015. (Docs. 465 and 471).

In its Motion, Defendant asserts that judgment against it was erroneous and moves for relief pursuant to Fed. R. Civ. P. 50(b), 59(a), and 59(e). Specifically, Defendant contends no competent evidence was adduced at trial to establish that: (1) the subject switch was defective; (2) the subject switch was a cause of A.R.'s injuries; (3) Plaintiff met his burden of proof with respect to A.R.'s lost earning capacity; and (4) Mr. Rivera was "anything less than 100% at fault." (Doc. 460) at 2. Defendant also argues that the trial testimony from Gerald Rosenbluth (Rosenbluth) and Michelle Hoffman (Hoffman) was inadmissible under *Daubert* and its progeny

and must be determined so at this time.  Defendant further asserts that Plaintiff's defect and causation evidence rested entirely on the opinions of Rosenbluth and Hoffman.

Plaintiff's response, in part, cites to this Court's prior *Daubert* and Summary Judgment Orders.  *See* (Docs. 307 and 321).  Plaintiff's response further relies upon numerous demonstrative trial exhibits, discovery exhibits, and deposition testimony.  The Court readily acknowledges that during trial various witnesses testified regarding portions of the demonstrative trial exhibits, discovery exhibits, and deposition testimony.[1]  Plaintiff, nevertheless, has not provided the relevant citations to the record—trial transcript and trial exhibits—to facilitate the Court's analysis.  Hence, the Court is left with little guidance to search the entire 1,500 page trial transcript.  It is well-settled that "the district courts [] have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). The Court finds, nonetheless, that—in light of the remedies sought by Defendant and in the interest of justice—supplemental briefing is required in order to determine whether Plaintiff presented sufficient evidence at trial for a reasonable jury to determine that the subject switch was defective and the cause of A.R.'s injuries.

IT IS THEREFORE ORDERED that Plaintiff shall file a supplemental brief that cites with specificity to the trial transcript, trial exhibits, and/or supporting authority.  *See* (Docs. 437, 447, 452–59).  Plaintiff's supplemental citation is limited to evidence pertaining to the (1) admissibility of Rosenbluth's and Hoffman's testimony; and (2) defect and causation.  *See* (Doc. 465) at 7–21.  Plaintiff's supplemental brief may not include new or additional arguments.  Plaintiff shall file his supplemental brief no later than seven (7) days from entry of this Order.

---

[1] Notably, the Court discussed with counsel—at length—that the Court would instruct the jury to rely on its recollection of testimony pertaining to demonstrative exhibits, not the demonstrative exhibits themselves.  *See* (Doc. 458) at 112–17; *see also* (Doc. 438) at 24.

IT IS FURTHER ORDERED that Defendant may file a supplemental response limited to the scope of the citations within Plaintiff's supplemental brief. Defendant's response may not include new or additional arguments. Defendant shall file its response brief no later than ten (10) days following the filing of Plaintiff's brief.

_____
UNITED STATES DISTRICT JUDGE