IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES RIVERA, as parent and next
friend of A.R., a minor,

    Plaintiff,

v.                                      Civ. No. 13-00397 KG/KBM

VOLVO CARS OF NORTH AMERICA, LLC,
a Delaware Corporation,

    Defendant.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court on Plaintiff's Motion for Review of the Clerk's Order Settling Costs by the Court (Motion for Review), filed December 4, 2015. (Doc. 478). On December 21, 2015, Defendant responded and Plaintiff replied on December 23, 2015. (Docs. 486 and 489). The Court, having fully considered the motion, the parties' briefs, the relevant law, and being otherwise fully informed, finds that Plaintiff's Motion for Review will be granted, in part, and denied, in part.

*I.*    *Background*

        On April 29, 2013, Defendant removed this diversity personal injury lawsuit to federal court and contemporaneously filed an Answer. (Doc. 2). On February 13, 2014, Plaintiff filed a Motion for Leave to File an Amended Pleading. (Doc. 56). On February 9, 2015, the Court granted Plaintiff's motion. (Doc. 185). On February 13, 2015, Plaintiff filed a Second Amended Complaint, alleging Defendant was liable in product liability negligence and strict products liability based on the subject window switch's defective manufacturing, design, and Defendant's failure-to-warn. (Doc. 192). Plaintiff further alleged A.R., Plaintiff's minor child, suffered a

severe anoxic brain injury as a result of the entrapment and would require lifelong medical care and assistance with daily living. *Id.* Plaintiff sought compensatory and punitive damages. *Id.*

On June 10, 2015, the Court granted partial summary judgment in favor of Defendant on Plaintiff's failure-to-warn claim. (Doc. 318). On July 1, 2015, the Court also ruled that Defendant was entitled to summary judgment on Plaintiff's product liability negligence claim. (Doc. 332). On July 2, 2015, the Court further ruled summary judgment was warranted in favor of Plaintiff as to Defendant's affirmative defense of A.R.'s comparative negligence and independent intervening cause. The Court concluded Plaintiff was not entitled to punitive damages. (Docs. 358 and 359).

This case was tried before a jury beginning on August 10, 2015. On August 20, 2015, the jury returned a unanimous Special Verdict finding (1) the 2001 Volvo S60 was defective; (2) the product defect was the cause of Plaintiff's injuries and damages; and (3) that Plaintiff Andres Rivera was 30% at fault, whereas Defendant was 70% at fault. (Doc. 439). The jury awarded Plaintiff $9,686,225.15 in compensatory damages. *Id.* On August 27, 2015, the Court entered final judgment against the Defendant in the amount of $6,780,357.61. (Doc. 445).

On September 28, 2015, Plaintiff timely filed a motion to tax costs in the amount of $18,214.09, requesting that the Clerk tax this amount in his favor as the prevailing party. (Doc. 461). On October 16, 2015, Defendant objected, in part, to Plaintiff's printing and deposition transcript costs; and further contended Plaintiff's total costs should be reduced by 30%, Plaintiff's comparative negligence. (Doc. 466). On October 23, 2015, Plaintiff replied and amended his cost bill to $17,621.31.[1] (Doc. 467). On November 30, 2015, the Clerk entered an Order Settling Costs (Clerk's Order) in the amount of $20.00, Plaintiff's docket fees. (Doc. 477) at 3. The Clerk did not apply any percentage of comparative negligence to the taxing of costs.

---

[1] Plaintiff withdrew the deposition transcript costs for Susan Morris and Laurence Shandler. (Doc. 467) at 3.

*Id.*  Plaintiff now moves for review of the Clerk's Order pursuant to Fed. R. Civ. P. 54(d)(1).

II.     *Standard of Review*

The Court reviews the Clerk's assessment of costs *de novo*. *Furr v. AT&T Tech., Inc.*, 824 F.2d 1537, 1550 n.11 (10th Cir. 1987).  Federal Rule of Civil Procedure 54(d)(1) states that costs "should be allowed to the prevailing party."  Whether or not a prevailing party shall be awarded costs "is within the court's sound discretion."  *Homestake Mining Co. v. Mid-Continent Expl. Co.*, 282 F.2d 787, 804 (10th Cir. 1960).  Nevertheless, "Rule 54 creates a presumption that the district court will award costs to the prevailing party."  *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995).  If the costs are denied, "the district court must provide a valid reason for denying such costs."  *In re Williams Sec. Litig.–WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009).

The prevailing party bears the burden of establishing the costs to which it is entitled and that the amount is reasonable.  *Allison v. Bank One–Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002); *Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1339 (10th Cir. 1998).  If the burden is met, the "burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed."  *In re Williams*, 558 F.3d at 1148.

III.    *Discussion*

Plaintiff seeks $17,621.31 for certain costs incurred in this litigation.  Specifically, his cost bill lists four categories for reimbursement:  docket fees, witness fees, deposition costs, and trial printing and reproduction.  Defendant objects to several of the items on the bill of costs as outside the scope of 28 U.S.C. § 1920 and D.N.M.LR-Civ. 54.  The Court will address each disputed item in turn.

> A. *Whether D.N.M.LR-Civ. 54.1 Mandates Submission of Receipts for Plaintiff's Itemized Costs*

In the Clerk's Order, the Clerk disallowed Plaintiff's deposition and trial printing costs for lack of sufficient documentation in accord with D.N.M.LR-Civ. 54.1. (Doc. 477) at 2. Specifically, the Clerk found that Plaintiff failed to submit receipts or proof of payment. *Id.*

D.N.M.LR-Civ. 54.1 provides, in relevant part, that a motion for costs include "an itemized cost bill documenting costs and including receipts as required by rule or statute." Neither Fed. R. Civ. P. 54 nor 28 U.S.C. § 1920 mandate that the prevailing party provide receipts for deposition or trial printing costs. Moreover, this Court has held that a prevailing party is not required to submit receipts or proof of payment for deposition costs. *See West v. N.M. Taxation & Revenue Dep't*, 2011 WL 5223010, at *10 (D.N.M. Sept. 30, 2011). Notably, neither party has pointed to a rule or statute that demands submission of receipts applicable to Plaintiff's costs; and the Court could find none to support such a proposition. *See* (Doc. 478) at 3–9; (Doc. 486) at 1. The Court, therefore, finds that Plaintiff was not required to provide receipts or proof of payment under the circumstances of this case. Plaintiff's itemized cost bill and affidavit sufficiently complied with D.N.M.LR-Civ. 54.1.

> B. *Non-Disputed Costs*

Defendant does not object to these costs and, therefore, the Court finds Plaintiff is entitled to the following costs:

1. Docket fees pursuant to 27 U.S.C. § 1923 – $20.00

2. Trial witness fees pursuant to 28 U.S.C. § 1821:

    a. Denise Taylor, MD – $40.00
    b. Julie Sandoval-Holifield – $40.00
    c. Elizabeth Lebron – $40.00
    d. Kathleen Castle – $40.00
    e. Neale Schwarting – $40.00

    3. Deposition costs reasonably necessary for trial pursuant to D.N.M.LR-Civ. 54.2(b)(1):

        a. James L. Salmon, PhD – $1,781.01
        b. James R. Funk, PhD – $1,336.35
        c. William Shapiro & Anders Eugensson – $1,581.95
        d. David Baker – $892.56
        e. Dina Rodriguez – $172.57
        f. Michael Suber – $143.63
        g. Lizet Donguez – $87.67
        h. Kimberly Gallegos – $106.97
        i. Andres Rivera – $454.21
        j. Sandra Hanford – $94.00
        k. Matthew Stelzer, MD – $252.52
        l. Dawn Cook, RN – $1,364.50
        m. Michelle R. Hoffman – $1,082.90
        n. Gerald Rosenbluth – $1,144.45

    4. Trial Printing and Reproduction Fees Pursuant to 28 U.S.C. § 1920(3):

        a. DVD reproductions for binders (35 @ $10.00 per DVD) – $360.00

*See* (Doc. 466). Furthermore, Plaintiff is entitled to the aforementioned witness fees as stated in 28 U.S.C. § 1821 because each witness testified at trial. *See* (Doc. 435) at 9, 11, 12, 22. The Court, therefore, will tax costs for the above non-disputed costs in the amount of $11,075.29.

    C. *Disputed Costs*

      *1. Deposition Transcripts*

"Section 1920(2) permits recovery for the costs of taking, transcribing, and copying depositions 'necessarily obtained for use in the case.'" *Furr*, 824 F.2d at 1550 (citing 28 U.S.C. §1920(2), (4)). Whether a deposition has been necessarily obtained is a question of fact to be determined by the Court. *Callicrate*, 139 F.3d at 1340. While the "most direct evidence of 'necessity' is the actual use of the materials obtained by counsel or by the court," the Court may find necessity and award costs even if the materials are not used at trial. *Id.* (internal quotations omitted). "As long as the taking of the deposition appeared to be reasonably necessary at the

time it was taken, barring other appropriate reasons for denial, the taxing of such costs should be approved." *Allison*, 289 F.3d at 1249; *see also Callicrate*, 139 F.3d at 1340 ("We have recognized that it is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred . . . .").

Under the local district court rule, a prevailing party may tax the cost of deposition transcripts which are "reasonably necessary to the litigation." D.N.M.LR-Civ. 54.2(b)(1). A deposition is considered "reasonably necessary to the litigation when: (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes; (B) the deposition is used by the Court in ruling on a motion for summary judgment; or (C) the Court so determines." *Id.* at 54.2(b)(2)(A)–(C).

In the Clerk's Order, the Clerk found the depositions costs of Susan E. Biffl, MD, James R. Funk, William Shapiro, Anders Eugensson, David Rael, Kimberly Gallegos, Andres Rivera, Sandra Hanford, Michelle R. Hoffman, and Gerald Rosenbluth were reasonably necessary to the litigation. (Doc. 477) at 2. The Clerk specifically found that the "deposed persons testified at trial, the depositions were used for either trial and cross-examination preparations, or portions of the depositions were admitted into evidence at trial." *Id.* The Clerk, nevertheless, disallowed the costs for lack of sufficient documentation. *Id.* Per this Court's earlier finding, Plaintiff was not required to submit receipts or proof of payment for the deposition costs. *See* Part III.A. Consequently, the Court will tax costs for the deposition transcripts of Susan E. Biffl and David Rael in the amount of $1,246.27.[2]

Next, Plaintiff requests that the Court tax costs for the deposition transcripts of Jackie Morris, Dr. Denise Taylor, Dr. David Callahan, and Robert Johnson. All four individuals were

---

[2] The Court previously awarded Plaintiff non-disputed deposition costs with respect to James R. Funk, William Shapiro, Anders Eugensson, Kimberly Gallegos, Andres Rivera, Sandra Hanford, Michelle R. Hoffman, and Gerald Rosenbluth. *See* Part III.B,

6

Plaintiff's witnesses; and their deposition transcripts were never admitted into evidence, used at trial for impeachment purposes, or used by the Court in ruling on a summary judgment motion. Plaintiff, nonetheless, contends that the deposition transcripts were reasonably necessary because as testifying witnesses Plaintiff utilized their "depositions at and in preparation for trial." (Doc. 467) at 2–3. Plaintiff's assertion relies upon *Furr*. Defendant counters that the deposition transcripts were not used at trial as evidence or for impeachment, nor on a summary judgment ruling and, therefore, were not reasonably necessary. Moreover, they were purely discovery depositions noticed by Defendant, which the Tenth Circuit has explicitly disallowed as a cost. Defendant also cites *Furr* for its contention.

In *Furr*, the Tenth Circuit held that if a court's reasons for denying an award of costs were "simply a general policy to disallow reporter costs of all depositions not marked as exhibits, whether or not they are 'published' and used at trial, then refusal to tax the costs of" the depositions is an abuse of discretion. 824 F.2d at 1551. Although the Tenth Circuit noted that "depositions taken *solely* for discovery are not taxable as costs," the Court further stated that "[a] deposition is not obtained unnecessarily even if not strictly essential to the court's resolution of the case." *Id.* at 1550 (emphasis added) (citing Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 569 (1984)).

In this case, Defendant took the depositions of Plaintiff's witnesses: Jackie Morris, Dr. Denise Taylor, Dr. David Callahan, and Robert Johnson. The Court recognizes that Defendant most likely conducted the depositions for discovery purposes; on the other hand, it was reasonable for Plaintiff to request transcripts for depositions initiated by Defendant in preparation for trial. *See Callicrate*, 139 F.3d at 1340 (Section 1920 requires that the deposition was "reasonably necessary for use in" the case "at time the expense[] was incurred."); *see also*

7

*Lewis ex rel. Arc of N.M. v. N.M. Dep't of Health*, 2005 WL 6962149, at *9 (D.N.M. Jan. 5, 2005) (awarding costs associated with defendants' noticed depositions). Accordingly, the Court determines that the depositions transcripts of Jackie Morris, Dr. Denise Taylor, Dr. David Callahan, and Robert Johnson were reasonably necessary to Plaintiff's preparation for litigation and, thus, will be taxed as costs. *See* D.N.M.LR-Civ. 54.2(b)(2)(C). Plaintiff is, therefore, awarded tax costs in the amount of $1,845.75.

Plaintiff further requests that the Court tax costs for the deposition transcripts of Christine Wood (Wood), Raymond Garcia (Garcia), and Robert J. Cunitz (Cunitz). Plaintiff argues that he is entitled to costs for Wood's and Cunitz's depositions because the Court utilized the depositions in its summary judgment ruling on Plaintiff's Failure-to-Warn claim. *See* (Docs. 265-2, 265-5, 318, and 316). Plaintiff also claims that the Court reviewed Wood's and Garcia's depositions in regard to Plaintiff's Motion for Partial Summary Judgment. *See* (Docs. 240-7, 240-12, 355, and 358). Defendant advances that Wood's and Cunitz's deposition costs are improper because the Court awarded Defendant summary judgment on Plaintiff's failure-to-warn claim and, therefore, Plaintiff was not the prevailing party on that claim. Defendant also maintains that Plaintiff is not entitled to deposition costs for Garcia because he was not a witness, his deposition was not admitted as evidence or used at trial for impeachment, and it was not used by the Court on a summary judgment ruling.[3]

"[T]he determination of who qualifies as a prevailing party is central to deciding whether costs are available." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1233–34 (10th Cir. 2001). The litigant in whose favor judgment is rendered is, generally, the prevailing party for the purposes of costs pursuant to Fed. R. Civ. P. 54(d)(1). *Id.* at 1234 (internal quotation and

---

[3] Defendant also contended that Garcia was deposed by Defendant purely for discovery purposes. Per the Court's prior ruling, this argument is without merit. *See* Part III.C.1.

citation omitted). The district court's broad discretion under Fed. R. Civ. P. 54(d)(1) includes apportioning costs among the parties or reducing the size of the prevailing party's award when the prevailing party is only partially successful. *Id.* (internal citation omitted). In other words, the district may shift costs if the prevailing party "obtains judgment on even a fraction of the claims advanced." *Id.* (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)).

In this case, Plaintiff did not prevail on the summary judgment motions for the failure-to-warn claim or Defendant's affirmative defense of comparative negligence. *See* (Docs. 318, 357, 358, and 359). As a result, the Court finds Plaintiff is not entitled to deposition costs associated with the relevant summary judgment briefs. On that basis, the deposition transcripts of Wood, Cunitz, and Garcia will not be taxed as costs.

### 2. Trial Printing

Plaintiff requests the Court tax duplicating costs for individual jury and Court exhibit notebooks in the amount of $1,101.20.[4] Plaintiff claims a cost of $0.20 per page is reasonable because it follows the Internal Revenue Service fee for an 8 ½" x 14" copy. Defendant counters that Plaintiff's $0.20 per page fee lacks support, but a $0.10 per page is reasonable. The Court agrees.

D.N.M.LR-Civ. 54.2(e) provides that the cost of copying an exhibit is taxable "when the exhibit is requested by the court or when the copy is admitted into evidence in place of the original." Here, the jury and the Court received the exhibit notebooks in place of the original exhibits, which were admitted into evidence. In addition, this Court generally favors the parties providing jurors with exhibit notebooks as a means of facilitating their access to the exhibits. As a result, the Court finds that the copying costs of the jury and Court exhibit notebooks is proper

---

[4] Plaintiff's itemized cost bill states Plaintiff printed 5,506 pages at $0.20 per page, for a total of $1,110.20. *See* (Doc. 461-1) at 2. Taking Plaintiff's page numbers and cost per page at face value, Plaintiff's actual requested cost is $1,101.20.

under D.N.M.LR-Civ. 54.2(e). Plaintiff, however, has not met his burden to establish that he is entitled to costs of $0.20 per page. Plaintiff failed to submit any authority or direct citation to the Internal Revenue Service fee. The Court, nevertheless, will allow $0.10 per page as a reasonable fee because Defendant does not object to this amount. Consequently, the Court will allow tax costs for the trial printing of 5,506 pages at $0.10 per page for a total cost of $550.60.

### 3. Plaintiff's Comparative Negligence

Plaintiff states that Defendant has not properly preserved the issue of comparative negligence for judicial review by this Court because Defendant did not object to the Clerk's Order. The Court disagrees. It is well established in this circuit that a party preserves an issue for judicial review if the party states objections to the bill of costs before the Clerk's order settling those costs. *Bloomer v. United Parcel Service, Inc.*, 337 F.3d 1220, 1221 (10th Cir. 2003). Moreover, this Court has held that failure to object within the seven days mandated in Fed. R. Civ. P. 54(d)(1) does not affect the Court's ability to reach the merits of the objections. *West*, 2011 WL 5223010, at *6–7. Here, notwithstanding Defendant's new assertion that Plaintiff is at least 50% at fault, Defendant sufficiently raised the issue of comparative negligence in its underlying brief to Plaintiff's bill of costs. Thus, Defendant's original objection of a comparative fault assessment of 30% was timely and adequately preserved for judicial review.

D.N.M.LR-Civ. 54.3 states that "[i]n comparative fault cases, each party is taxed a percentage of the total taxable costs. The percentage of costs taxed need not equal the percentage of a party's fault; distribution of costs is left to the Court's discretion." Plaintiff contends that if the Court assess comparative negligence, then the reduction should be less than 10%. Plaintiff's arbitrary and unsubstantiated percentage is inconsistent with the jury's finding. *Cf. Spurlock v.*

*Townes*, No. 09 Civ. 786, (Doc. 322) (D.N.M. Sept. 6, 2012) (finding lower percentage comparative fault "in line with" jury's verdict).  The Court, therefore, determines that Plaintiff's taxable costs should be reduced by the jury's verdict of comparative fault of 30%.  Based on the Court's prior findings, the total amount of allowable taxable costs is $14,717.91, which reduced by 30%, is $10,302.54.

     IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Review of the Clerk's Order Settling Costs by the Court (Doc. 478), is GRANTED, IN PART, and DENIED, IN PART, in that the amount of total allowable costs is $14,717.91 which, reduced by 30% to allow for Plaintiff's comparative fault, amounts to $10,302.54.

_____
UNITED STATES DISTRICT JUDGE