IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES RIVERA, as parent and next
friend of A.R., a minor,

      Plaintiff,

v.                                       Civ. No. 13-00397 KG/KBM

VOLVO CARS OF NORTH AMERICA, LLC,
a Delaware Corporation,

      Defendant.

ORDER DENYING MOTION FOR LEAVE TO FILE SURREPLY

This matter comes before the Court on Plaintiff's Opposed Motion for Leave to file

Surreply, filed January 6, 2016.  (Doc. 493).  No response is necessary.  Having reviewed

Plaintiff's submission and being fully advised on the relevant law, the Court finds Plaintiff's

Opposed Motion for Leave to file Surreply is not well taken and, therefore, will be denied.

On December 15, 2015, this Court ordered Plaintiff to "file a supplemental brief that cites

with specificity to the trial transcript, trial exhibits, and/or supporting authority."  (Doc. 482) at

2.  The Court further directed Plaintiff that the supplemental brief "may not include new or

additional arguments."  *Id.*

On December 22, 2015, Plaintiff filed a Supplemental Brief in Response to Defendant's

Combined Rule 50 and Rule 59 Motion.  (Doc. 487).  On January 4, 2016, Defendant filed a

supplemental reply.  (Doc. 492).   In the reply, Defendant contends Plaintiff's supplemental brief

contravenes the Court's directive and includes "additional substantive arguments and substantive

citations," as well as rewording and rephrasing certain sections.  Defendant specifically contends

that thirteen sections of Plaintiff's supplemental brief should be stricken in violation of the

Court's Order.  Defendant further requests that the Court sanction Plaintiff as the Court deems

appropriate.  Defendant did not state a basis for which sanctions were sought.

Plaintiff now moves for leave to file a surreply expressly "limited to the issue of whether

sanctions are appropriate for violation of the Court's order [Doc. No. 482]."  (Doc. 493) at 3.

Plaintiff argues that he did not violate the Court's Order because he "advanced the same

arguments . . . but reworded, moved, or added references to the trial record where necessary for

clarity and to eliminate confusion." *Id.*

D.N.M.LR-Civ. 7.4(b) states that the filing of a surreply requires leave of the Court.

When a reply contains new material or argument, courts must either refrain from relying on the

new material or argument in ruling on the motion, or permit a surreply.  *See Beaird v. Seagate*

*Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998).  A reply that simply "point[s] out the defects"

in the response does not introduce new material.  *See Green v. New Mexico*, 420 F.3d 1189,

1196–97 (10th Cir. 2005).  The district court has discretion to decide whether or not to allow a

surreply.  *Beaird*, 145 F.3d at 1164.

In this matter, Plaintiff concedes that he "reworded, moved, or added references" to

sections in his supplemental brief.   Plaintiff's supplemental brief, however, failed to include any

explanation for such actions that could easily be construed as a direct violation of this Court's

Order.  It was, therefore, permissible for Defendant to address in its reply any defect Defendant

perceived, including, but not limited to new or additional arguments.  The Court finds, however,

that Defendant has not properly raised a motion for sanctions and, thus, sanctions are not

appropriate—notwithstanding any arguments within Plaintiff's supplemental brief that this Court

deems are in clear violation of this Court's Order.  The Court, moreover, does not find good

cause to allow further briefing on an issue that will unnecessary prolong the litigation.

Accordingly, Plaintiff is not entitled to file a surreply on the basis that Defendant raised new

material in its supplemental reply.

IT IS, THEREFORE, ORDERED that Plaintiff's Opposed Motion for Leave to file

Surreply (Doc. 493) is DENIED.

_____
UNITED STATES DISTRICT JUDGE